NORTON v. DORSEY, APPELLANT.

1. **Practice, Civil:** TRIAL: INSTRUCTIONS. After the jury retired to consider of their verdict, the judge, who presided at the trial, called the jury into the court room, a little after dark in the evening, and in the absence of the parties and their attorneys, all other parties being excluded from the court room except the deputy sheriff, gave to the jury additional instructions: *Held*, that such conduct on the part of the court was a sufficient ground for reversing its judgment.

PRINCIPLE. The court should, in its conduct, be careful to prevent suspicion from attaching to its proceedings.

2. **Bill of Exceptions:** REFUSAL OF JUDGE TO SIGN: SIGNING BY BYSTANDERS. Where, upon the refusal of the judge to sign the bill of exceptions, it was signed by three bystanders, and the court permitted the bill so signed, to be filed, it was held that the statements contained therein must be assumed to be true, notwithstanding the judge's certificate that it was untrue.

3. ——: AFFIDAVITS. Affidavits in support of or in opposition to the bill of exceptions, are not required, unless the court refuse to permit it to be filed.

*Appeal from Jasper Court of Common Pleas.*

Norton v. Dorsey.

The case was tried before J. W. SENNETT, Esq., sitting as special judge.

HENRY, J.—After the jury retired to consider of their verdict, the judge, who presided at the trial, " called the 1. PRACTICE, CIVIL: jury into the court room, a little after dark in trial: instructions. the evening, and in the absence of the parties and their attorneys, and all other persons being excluded from the court room except the deputy sheriff," gave to the jury additional instructions, which are embodied in the bill of exceptions. This question was before us at the present term, in the case of *The State v. Alexander*, and we held that such conduct on the part of the court, was a sufficient ground for reversing its judgment. The court should never, even in open court, in the absence of the parties and their attorneys, when it is practicable to have them present, give additional instructions or modify those already given. No reason is shown, why in this instance, it was done in their absence, and the fact stated in the bill of exceptions, that all persons except the deputy sheriff were excluded from the court room, excites suspicion, which, in its conduct, the court should be careful to prevent from attaching to its proceedings.

The judge refused to sign the bill of exceptions, which contains the above statement, for the reason that the evidence of C. J. Workizer, a witness, was not correctly 2 BILL OF EXCEP- stated, and that the facts, as to the giving of TIONS: refusal of judge to sign: instructions by the court of its own motion, signing by by- standers. were not correctly stated. The bill of exceptions was signed by three bystanders, as the law directs in such case, and the court permitted it to be filed, and as Sec. 31, Art. 9, of the act regulating practice, provides that "every bill signed by the judge or by the bystanders and filed in court, shall form a part of the record of the cause in which it is filed," we are bound to assume the statement contained in the bill of exceptions to be true. It is strange that the court permitted the filing of the bill

of exceptions after certifying that it was untrue. Yet the fact that he did, appears of record, and while we might suppose that his certificate of the untruth of the bill of exceptions was intended as a refusal to let it be filed, our supposition and conjecture must yield to the distinct statement in the record, that it was filed.

No affidavits are filed either in support of or in opposition to the bill of exceptions, nor does the law seem to 8. ——: affidavits. authorize affidavits, except in the event that the court refuses to permit it to be filed. If the court refuse to permit the filing of the bill of exceptions, the truth of the bill shall be tried by affidavits, as is provided in Sec. 32, page 1044, Wag. Stat. The judgment which was for the plaintiff, with the concurrence of all the judges, is reversed and the cause remanded.

REVERSED.