## HERRON V. STATE.

LIQUORS: *Executory contract to sell*: " *Three mile law*."

A sale of liquors is not punishable under " the three mile law," unless it is completed within a prohibited district, so that the title to the liquor sold passes there from the vendor to the purchaser. The statute does not apply to a mere executory contract to sell. *Carl v. State*, 43 Ark., 353; *Berger v. State*, 50 Ib., 20.

2. SAME: *Same*.

The defendant being at B., where the sale of liquors was prohibited under the three mile law, received an order for one-half gallon of whiskey, for which he was then paid by the person giving the order. The defendant had no whiskey within the prohibited district, but at N., beyond its limits, he was a licensed dealer and kept whiskey there in barrels. It was agreed at the time the order was received that the defendant should cause the whiskey to be measured out at N. into a jug and deposited in the express office addressed to the purchaser and for transportation to him at B., he to pay the charges—and this was done. *Held:* That the appropriation of the half gallon of whiskey to the contract was necessary to complete the sale; and that having been done at N., the sale was made at that place.

3. SALES: *Delivery of goods*.

The delivery of goods to a carrier, when made in pursuance of an order to ship them, is in effect a delivery to the consignee.

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

This was a prosecution before a justice of the peace, under sec. 4524, Mansfield's Digest, for selling whiskey within three miles of the Methodist church in Brinkley in the county of Monroe. The appellant was convicted and appealed to

the circuit court, where he was again convicted and fined and appealed to this court.   The case was tried upon an agreed statement of the facts, in substance as follows:   The appellant was a licensed liquor dealer, doing business at Newport, in Jackson county, more than three  miles  distant  from  the Methodist  church  at  Brinkley; that on the——day of May, 1887, he was in Brinkley soliciting orders for  whiskey; that he then and there accepted an order from one, Mays, for onehalf gallon of whiskey, for which Mays then paid him in cash $1.50; that the whiskey was at the time in barrels, unappropriated in Newport; that the appellant had no whiskey in Brinkley; that it was agreed at the time that the appellant should cause the whiskey to be measured out in Newport, put into a jug, address it to Mays and deposit it in the office of the Southern Express Company at Newport to be transported to Brinkley and delivered to Mays, he paying the charges for transportation——all of which was done.   It was agreed that the sale of whiskey was regularly prohibited within three miles of the Methodist church at Brinkley by order of the county court of Monroe county.   This agreed statement was made a part of the record; a jury was waived and the case submitted to the court; the court found that the sale was at Brinkley, and reduced its findings to writing; the appellant was convicted; he moved for a new trial, because the finding of the court was contrary to the evidence; this was overruled, and he accepted and appealed.

The bill of exceptions sets out the motion for a new trial and the conclusions of fact.

*Franklin Doswell*, for appellant.

The sale was at Newport.   43 Ark., 353.   The price was paid in Brinkley; but the payment of the price does not pass

title to the property as long as anything has to be done by the seller to designate the thing sold. Benjamin on Sales, secs. 324, 325.

The effect of the transactions at Brinkley was to form an executory agreement for a sale and not to make a sale of a specific half gallon of whiskey. Until the parties are agreed upon the specific individual goods, the contract can be no more than a contract to supply goods answering a particular description. Ib., sec. 352 This doctrine is approved in this state. *Beller v. Block*, 19 Ark, 593; *Upham v. Dodd*, 24, Ib., 545; *Jones v. Pearce*, 25 Ib., 545. The sale was not complete until the goods were measured, put in the jug, labeled and addressed to the consignee and deposited with the carrier for transportation by direction or agreement between the parties. *Burton v. Baird*, 44 Ark., 557. In *Yowell v. State*, 41 Ark., 355, the goods were delivered by the seller himself within the prohibited district. Criminal statutes are construed strictly. No case is brought by construction within the statute, unless completely within its word. *State v. Graham*, 38 Ark, 519. Hence, an executory contract for a sale cannot be construed to be a sale. The sale was at Newport, where the goods were delivered to the carrier by agreement of the parties.

*Dan. W. Jones*, Attorney General, for appellee.

The contract of sale and payment of the money were at Brinkley. Nothing remained to be done but ship the goods. The minds of the parties had assented to the present purchase and sale of a specific chattel, which could be clearly identified and separated, and the sale was on no condition nor contingencies, and such possession was given as the parties could under the circumstances. See 35 Ark., 197. The vendee acquired the right of property and the right of possession at Brinkley. See *State v. Carl*, 43 Ark.

The object of the "three mile law" was to *prohibit any kind* of a sale.

COCKRILL, C. J.

The question in this case is whether the sale of a half gallon of whiskey, for which the appellant is prosecuted, was made at Newport, in Jackson county, or at Brinkley, in Monroe county. The prosecution is for a sale at the latter place, where the three mile law was in force; and, if the sale was made there, the conviction is right. But an executory contract to sell is not punishable under the three mile law. *Carl & Tobey v. State*, 43 Ark., 353; *Berger v. State*, 50 Ib., 20. "I cannot construe a penal statute which punishes a sale," says Judge Curtis in *Sortwell v. Hughes*, 1 Curtis C. C., 244, "so broadly as to hold that it applies to a mere executory contract for a sale. In my judgment it extends only to executed sales by which the property passes from the vendor to the vendee." Such, in effect, is the judgment of this court in the cases above cited, and in *Parsons Oil Co. v. Boyett*, 44 Ark., 230. See, too, *Boothby v. Plaisted*, 51 N. H., 436; *Sarbecker v. State*, 65 Wis., 171; *Garbracht v. Com.*, 96 Penn. St., 449; *Frank v. Hoey*, 128 Mass., 263.

2. SAME. The quantity and the price were the only particulars agreed upon by the parties at Brinkley. It remained for the vendor, after his return to Newport, to fix upon the specific liquor to answer the order; to separate it from a larger quantity, and forward it in accordance with the agreement. There is no room to presume that it was the intention of the parties to the contract of sale that the buyer of the half gallon of whiskey should become a joint owner of the entire stock held by the firm of which the appellant was a member at Newport. The intention was only to confer several title to a half gallon

*Margin notes:*
1. LIQUORS: Executory contract to sell: "Three mile law."

thereafter to be appropriated to the contract of sale by the seller. Any whiskey in stock would answer the contract, and until it was actually appropriated to it, the title remained in the firm and the sale was incomplete. Cases *supra*. Hare on Contracts, p. 415; Benj. Sales, secs. 352 *et seq*. and notes; *Upham v. Dodd*, 24 Ark., 545; *Beller v. Block*, 19 Ib., 566; *Hives v. Hurff*, 17 Am. Law Reg., 11 and n. But the appropriation of the liquor to the contract was made at Newport, and as there was not a complete sale until that was done, the sale was made at that place and not in the prohibited district.

The circuit judge found specially that the express company to which the whiskey was delivered was the agent of the seller, and that as such it delivered the liquor to the purchaser in Brinkley in pursuance of the contract made by the parties at that place. If such an inference were warranted by the agreed statement of facts upon which the cause was tried, the judgment would be sustained by the decisions in Berger's and Yowell's cases reported in the 50th and 41st volumes of the Arkansas Reports. But delivery to a carrier is delivery to the consignee when made in pursuance of an order or agreement to ship. *Carl & Tobey v. State*, *Berger v. State*, and other cases *supra*. *Burton v. Baird*, 44 Ark., 556. We see no circumstance in this case, as there was in Berger's case *sup*. from which to draw the conclusion of a different intention. The delivery was therefore at Newport.

Reverse the judgment and remand the cause.

3. Sale of goods: Delivery to carrier.