SMITH v. STATE.

Opinion delivered April 11, 1891.

87    459
f87   463
j87   464

NEW TRIAL—MISCONCEPTION OF EVIDENCE.—Where a misdemeanor case was tried before the circuit judge sitting as a jury, and judgment of con-viction rendered without declarations of law, a new trial will be ordered if it appears from a conflict between the bill of exceptions approved by the judge and the affidavits of bystanders filed in pur-suance of the statute (which latter are taken by the Supreme Court as representing the true state of case) that the cause was tried under a misconception as to what the evidence was.

Appeal from Lee Circuit Court; *M. T. Sanders,* Judge; reversed.

Smith was indicted for selling liquor in Lee County with-out license. Waiving a jury, he was tried by the court and con-victed, and has appealed.

The evidence showed that defendant took orders for whisky from witnesses Roane and Wamble in Lee County, and that he delivered the whisky to the witness in each instance upon their paying him $3 for the whisky and 30 cents express charges.

According to the bill of exceptions signed by the trial judge, Roane testified as follows: "I requested the defendant to order a gallon of whisky for me, which he agreed to do. He was agent, or said he was agent, for a whisky house in Helena. I was sick, and not able to go to Marianna, and asked defendant to bring the whisky out to me. He said I would have to give him an order for it, and I told him to write an order for it and sign my name to it." Also Wamble testified: "I gave the de-fendent an order for a jug of whisky. He stated that he was agent for a whisky house in Helena, Phillips County. He agreed to order the jug of whisky for me. I asked him to bring it out from Marianna. He told me to give him an order for it, and

I authorized him to bring it out to me.    *    *    .  *    I have the tag which was on the jug." [Witness here exhibited the tag which he stated came off the jug, containing the following words: "To W. H. Wamble, Marianna, Ark. From A. Goitein, Helena, Ark."]

In addition to the foregoing testimony, a bill of exceptions prepared by defendant and tendered to the judge showed that witnesses Roane and Wamble swore that the orders which they authorized defendant to write and sign their names to were addressed to the express agent at Marianna, directing him to deliver the whisky to the defendant. The judge struck out this statement. Defendant then filed affidavits of James P. Brown, of W. T. Derrick, clerk of the court, and of F. H. Govan, his deputy, to the effect that the witnesses Roane and Wamble swore that they authorized defendant to write orders to the express agent at Marianna and sign their names thereto, directing him to deliver the whisky to defendant.

*McCulloch & McCulloch,* for appellant.

Appellant was the agent of a licensed dealer in Helena— he merely solicited orders which were filled by his principal by delivering the goods to the express company at Helena to be transported to the purchasers. This constituted a sale at Helena, and not in the prohibited district. 43 Ark. 353; 44 *id.* 230; 50 *Id.* 20; 51 *Id.* 133.

*W. E. Atkinson,* Attorney General, for appellee.

There was no evidence that appellant's principal was a *licensed* liquor dealer. Wharton, Cr. Law. (8 Ed.) § 331; 38 Ark. 518; 51 *Id.*‸552. The facts in this case bring it within the rule in *Berger* v. *State,* 50 Ark. 20.

COCKRILL, C. J. The bill of exceptions, as allowed by the circuit judge, leaves it in doubt whether the whisky which the appellant was charged with selling was shipped by the Helena dealer to the appellant, and was by him, as agent of the dealer, delivered to the purchasers; or whether it was shipped to the purchasers on the order of the appellant, and subsequently delivered to him by the express company as the agent of the purchasers. If the state of facts last indicated exists, the sale was

completed in Phillips County when the whisky was delivered to the carrier, and the appellant could not be convicted for selling in Lee County. *Herron* v. *State,* 51 Ark. 133. If the first supposition is the true state of case, the sale was completed in Lee County, where the liquor was delivered by the appellant, and the conviction would stand. *Berger* v. *State,* 50 Ark. 20.

But the bill of exceptions, as certified by the bystanders in accordance with the statute, must be taken as representing the true state of case. It relieves the case of all doubt, and brings it within the rule of the first case cited, unless the shipment in the name of the purchasers was only a subterfuge and was in reality a shipment to the vendor's agent, the sale being incomplete until manual delivery to the purchasers. In that event, the case would still fall within the rule of Berger's case, 50 Ark. *supra.* But the case does not appear to have been tried upon that theory. On the contrary, the judge refused to certify that that state of facts existed.

The judgment must therefore be reversed, and the cause remanded for a new trial. It is so ordered.

---

[Footnote.] This case was omitted from 54 Ark. in 1891, with the concurrence of Chief Justice COCKRILL, and is now printed because it is cited by the court in the case of *Boone* v. *Holder,* which follows it. The Reporter did not at that time place the construction on the opinion which the Court now puts on it, as he believed that the opinion herein only meant to say that the Supreme Court *in this case* followed the bill of exceptions certified by the bystanders as representing the facts. (Reporter.)