CATHERINE WELSH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 21, 1894.

Trial Practice: COMMUNICATION WITH JURY: ABSENCE OF COUNSEL. Plaintiff had testified by deposition before trial, and orally at the trial. A new trial was granted at which she again testified orally, and the jury appeared in court and asked to have the plaintiff's former testimony read. Thereupon the court ordered read her oral testimony at the former trial and on the request of one of the jurors for the reading of the deposition, the court directed the jury to retire, and if there was anything more wanted to send the court a communication and it would be answered. *Held*, error, especially since there was no effort made to secure the presence of counsel and there is no showing that such presence could not have been secured without serious inconvenience.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*James Black* and *Pratt, Ferry & Hagerman* for appellant.

This action of the court was misleading, unfair and unjust, for the reasons stated and for the additional reasons:   *First.* It will be observed that all this took place in the absence of counsel and without the pretense of an effort to obtain their presence. This, under the authorities hereinafter cited, was error. *Second.*

One of the jurors said that the jury wanted the "former testimony of plaintiff" re-read. This former testimony consisted of both the deposition and what was testified to on the former trial. But the court decided that the latter alone could be re-read. As an emphasis to the misconception of the court one of the jurors stated that what he wanted re-read was the deposition. The court refused this request and ordered the jury to retire and not return unless they, *i. e.*, all of the jury desired something. This was equivalent to saying that, unless all of the jurors agreed that they desired the deposition re-read, it could not be done. *Third.* The authorities in this state have been reviewed recently in *State v. Meagher*, 49 Mo. App. 571, and *Chouteau v. Jupiter Iron Works*, 94 Mo. 388, and the rule extracted is substantially that no communication shall take place between the court and the jury in the absence of counsel. Thompson & Merriam on Juries, sec. 355; *Chinn v. Davis*, 21 Mo. App. 363; *Norton v. Dorsey*, 65 Mo. 376; *State v. Alexander*, 66 Mo. 148, 163, 164; see, also, *Burke v. Webb*, 2 N. Y. Weekly Dig. 579; *Sargent v. Roberts*, 1 Pick. 377; *Read v. Cambridge*, 124 Mass. 567. The conduct in this case was as bad as that disapproved in *Edens v. H. & S. J. R. Co.*, 72 Mo. 212. For the reasons suggested the verdict should not stand.

*Quarles & James* and *McDougal & Sebree* for respondent.

The act of the court in this case did not and could not, in any way, prejudice defendant's case, and the verdict should not be disturbed for that reason. All the cases cited by appellant on this point refer: *First.* To instructions as to the law given by the court in absence of counsel, who would, if present, have had the right

of exception thereto, and of re-argument to the jury. *Second.* To instructions not given in open court and communications made to the jury or to individual members of the jury, but in the judge's private rooms. In this case there were no instructions given. No private communications, nothing done except in open court, and where appellant's counsel should have been if he desired to object. The cases cited from which the "rule" is sought to be drawn are almost all criminal cases, and where, contrary to statute, the court gave instructions after the argument had closed, and in the absence of counsel. There is nothing in this case, from which it could, with any show of reason, be claimed that the act of the court was either unfair or in the least prejudicial to defendant. The deposition had been previously read to the jury and they had heard the oral testimony, and the court stated that if, after the jury retired, they wanted any more information they could send a communication to the court, and it would be answered. We are at a loss to comprehend any unfairness in this.

ELLISON, J.—Plaintiff instituted this action to recover damages of defendant for personal injuries received in attempting to get on one of its cable street cars in Kansas City. The negligence charged was the act of the gripman in starting the car suddenly before plaintiff had gotten fully aboard the car, whereby she was thrown down upon the street and injured. The verdict and judgment were for plaintiff.

The chief complaint made is against the action of the court in a communication had with the jury in response to the request of the jury on their return into open court while considering their verdict.

It appears that plaintiff's deposition had been taken before a trial was had; that afterwards a trial

Welsh v. Metropolitan Street R'y Co.

took place, at which plaintiff was present and testified orally, and which resulted in a verdict for her, which was afterwards set aside by the trial court. Then followed the trial of which the present judgment was the result, at which plaintiff also testified orally. At the last trial her testimony was substantially consistent with that at the first, but she was examined by defendant as to her testimony given at the first trial, and in the deposition, the latter, in our opinion, materially differing from that given at the trials.

After the jury had retired they returned into court, counsel for neither party being present, when the following transpired between the court and jury: *"By one of the jurors:* 'If the court please, the jury desire to have re-read the former testimony of plaintiff.'" *"By the court:* 'The stenographer will now read to the jury the portion of the testimony of plaintiff on the former trial, which was offered in evidence.'" This the stenographer did.

Thereupon another of the jurors said to the court: "I want the portions of plaintiff's deposition which were offered in evidence re-read, and not her testimony on the former trial." To which the court answered: "The jury will retire to their room, and if there is anything more they want, they can send a communication to the court and it will be answered." Thereupon the jury again retired.

In this we think error was committed, for which the judgment must be reversed. Since the court responded to what it considered to be the request of the jury, and directed the reading of plaintiff's testimony taken at the first trial, it should have also, upon learning of the further wish of the jury for the reading of the deposition, have had it read. Indeed, it was the deposition which the jury, presumably, wished to hear, since therein lay the conflict in testimony. Consider-

ing the request for the reading of the deposition and the response of the court, it is reasonably certain that the jury interpreted the court as refusing to have it read, and thereby the inference could be drawn that the court deemed it of no importance.

But, in addition to this, the record does not show that any effort was made to secure the presence of counsel; nor does it show that such presence of counsel could not have been secured without serious inconvenience. Under such circumstances what occurred between court and jury was error of which the losing party may complain. *Nortin v. Doesey*, 65 Mo. 376; *Chinn v. Davis*, 21 Mo. App. 363; *Sargent v. Roberts*, 1 Pick. 377; *Read v. Cambridge*, 124 Mass. 567.

The judgment will be reversed, and the cause remanded. All concur.