## GOTTLIEB *v.* RINALDO.

Opinion delivered March 3, 1906.

1. BAILMENT—OPTION TO PURCHASE CHATTELS—LIABILITY FOR LOSS.—Where chattels were delivered to defendant with the understanding that if she was pleased with them she would keep them and account to the plaintiff for the price, and if not pleased would return them to plaintiff within a reasonable time, the title remained in the plaintiff until they were accepted, and any loss or damage sustained in the meantime from any cause except negligence of the defendant fell upon the plaintiff. (Page 126.)

2. SAME—EFFECT OF DELIVERY TO CARRIER.—Where chattels were delivered to defendant with the understanding that if satisfied with them she would purchase them, and, being dissatisfied, she delivered them to a responsible carrier, consigned to plaintiff, and they were subsequently lost, the delivery to the carrier was equivalent to a delivery to plaintiff, and absolved defendant from liability for their loss. (Page 126.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; reversed.

*White & Altheimer,* for appellant.

1. The rings were delivered to defendant with the agreement and understanding that if she was pleased with them she should keep them, and account to plaintiff at the value fixed, and, if not pleased, would within a reasonable time return them to

plaintiff. This was not a purchase by defendant under contract of "purchase or return." Defendant was only a bailee of the goods, and was not liable for the loss, unless she was negligent. Beach on Mod. Law of Cont. § 746; 150 U. S. 312; 100 Mass. 198. See also 21 Am. & Eng. Enc. Law (1 Ed.), 517 and note to § 3. Title remained in plaintiff till defendant expressed her satisfaction with the goods. Tiedeman on Sales, § 213.

2. Exercising the right to return the rings, by delivery of them to the express company, properly consigned, was delivery to the plaintiff. 44 Ark. 556; 50 Ark. 20; 51 Ark. 133.

*Taylor & Jones,* for appellee.

Defendant by the contract imposed upon herself the absolute duty to return the rings or make good their value, notwithstanding accident or unavoidable delay. 7 Am. & Eng. Enc. Law, 148 and authorities cited; 68 Am. Dec. 371, and citations; 61 Ill. 343; Bishop on Cont. § 590; 12 Ark. 664; 61 Ark. 312.

McCULLOCH, J. The plaintiff, David M. Rinaldo, brought this suit against the defendants, B. Gottlieb and the Pacific Express Company, to recover $372, the value of two diamond rings. It is alleged in the complaint that the plaintiff is a merchant doing business in the city of Hot Springs, dealing in watches, diamonds, jewelry, etc., that defendant Gottlieb is a merchant engaged in like business in the city of Pine Bluff, and defendant Pacific Express Company is a common carrier; that the plaintiff delivered said rings to defendant Gottlieb "with the agreement and understanding that, if she (defendant) was pleased with same, she should keep them and account to the plaintiff at the above value, and, if not pleased, would, within a reasonable time, return them to plaintiff at said city of Hot Springs." It is further alleged that the rings were never returned, and judgment is prayed in the sum of their aggregate value.

Defendant Pacific Express Company paid to plaintiff the sum of $300, and the action, as to that defendant, was dismissed.

The other defendant, Gottlieb, filed her separate answer as follows:

"It is true, as alleged in the complaint, that on or about the 20th day of December, 1902, the plaintiff delivered to her, through the Pacific Express Company, the two diamond rings of the billed

value as charged in the complaint, under the agreement that, if the same could be used by her, she would keep the rings and pay the plaintiff the price charged for the same; but, if not, she was to return the same to plaintiff. She charges that she is in the same business at Pine Bluff as the plaintiff is engaged in at Hot Springs, and, having customers who desired to purchase from her diamond rings of the kind charged in the complaint, and, she knowing that the said plaintiff had for sale diamond rings, she ordered the same from the plaintiff under this agreement: that if she was pleased with the same she would keep them and account with the plaintiff at the value fixed in the complaint, and if not pleased would within a reasonable time return them to the plaintiff at the city of Hot Springs, Arkansas; and the same were received by her at or about the time stated in the complaint, through the Pacific Express Company, at a valuation of $300. That, as soon as she could find her customers, she exhibited to them the rings, and, the diamonds being of off color, her customers refused to make the purchase, and on the 26th day of December, and within a reasonable time, she safely and securely sealed both the rings in a box, properly addressed to the plaintiff at Hot Springs, Arkansas, and on that day deposited said package containing said rings with the Pacific Express Company at Pine Bluff, consigned and to be delivered to the plaintiff at Hot Springs, Arkansas, fixing the same valuation upon said package as was fixed by the plaintiff when he sent said rings to her, towit: at the sum of $300. That the said Pacific Express Company, through which she sent the said rings consigned to the plaintiff, is a common carrier of goods and merchandise between Pine Bluff and Hot Springs, Arkansas, and the most reliable carrier between said cities, and responsible for any loss, and said company afforded the speediest and most accurate mode of transportation of said rings from herself to the plaintiff. That she has done all in her power to return said rings to the plaintiff, but she is informed and so charges that the said package has been lost by the said Express Company, without fault or negligence on her part."

The court sustained a demurrer to the answer, and, the defendant declining to plead further, judgment against her in the sum of $72 was rendered in favor of the plaintiff.

It is argued in support of the decision of the court below that the contract set forth in the pleadings amounted, in effect, to what is known in trade language as an agreement for "sale or return" of the articles named. Under such a contract the title passes to the purchaser, subject to the right to return the articles within the specified time, and if, before the expiration of such time, the property is destroyed, either by inevitable accident or by the negligent act or omission of the purchaser, he is responsible for the price. Such, however, is not the effect of the contract set forth in the pleadings. The complaint alleges that the rings were delivered to the defendant "with the agreement and understanding that if she was pleased with the same she should keep them and account to the plaintiff at the above value, and if not pleased would within a reasonable time return them to plaintiff at said city of Hot Springs." The answer states the contract in the same language, and the same does not constitute a contract of "sale or return." Under the contract stated, the title remained in the seller, and any loss or damage sustained from any cause except negligence of the purchaser fell upon the seller. Tiedeman on Sales, § 213; *Sturm* v. *Boker,* 150 U. S. 312; *Hunt* v. *Wyman,* 100 Mass. 198. The distinction between the two classes of contracts is concisely stated by the Supreme Court of Massachusetts in *Hunt* v. *Wyman, supra,* as follows: "An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title will not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return."

But in whatever light the contract in this case may be viewed, whether as a contract for "sale or return," or as an agreement to purchase if satisfied with the article, we think that the defendant, in stating in her answer that she delivered the rings to the carrier for transportation, showed performance of her contract to return them to the plaintiff. The delivery to a responsible carrier properly consigned to the plaintiff was a delivery to the plaintiff. *State* v. *Carl,* 43 Ark. 353; *Burton* v. *Baird,* 44 Ark. 556; *Berger* v. *State,* 50 Ark. 20; *Herron* v. *State,* 51 Ark. 133; Benjamin on Sales, § 693; 1 Mechem on Sales, § § 736, 739; *Magruder* v. *Gage,* 33 Md. 344; *Wheelhouse* v. *Parr.* 141 Mass. 593.

We see no reason why the same rule applicable to delivery to carriers of goods sold should not apply to an agreement to return articles sent for inspection. Where the mode of transportation in return is agreed upon, or where no mode is agreed upon, and the party under obligation to return adopts a mode of transportation justified by the usages of trade, the delivery is complete when the goods are placed in the hands of the carrier properly consigned. Here the defendant delivered the rings to a responsible public carrier, the one employed in the first instance by plaintiff to transport the rings to defendant.

The learned circuit judge erred in holding that the answer of the defendant failed to state a defense.

The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer to the answer.