BOONE v. HOLDER.

Opinion delivered October 5, 1908.

1. BILL OF EXCEPTIONS—AFFIDAVITS OF BYSTANDERS—CONCLUSIVENESS—A bill of exceptions as certified by the bystanders in accordance with Kirby's Digest, § 6226, in the absence of controverting affidavits, must be taken as representing the true state of the record, though it is in conflict with the bill of exceptions which was signed by the trial judge. (Page 462.)

2. TRIAL—ARGUMENT OF COUNSEL—STATING FACTS NOT PROVED.—It is reversible error to permit counsel, against objection, to state facts pertinent to the issue and material and not in evidence. (Page 464.)

Appeal from Logan Circuit Court; Southern District; *Jeptha H. Evans,* Judge; reversed.

*Carmichael, Brooks & Powers,* for appellant.

The argument of counsel was improper and prejudicial, for which the judgment should be reversed. 61 Ark. 143; 65 *id.* 481; 80 *id.* 161.

Hart, J. B. E. Boone brought this suit against Albert Holder for alienation of the affections of his wife, Alice Boone. There was a jury trial, and a verdict for the defendant, and plaintiff has appealed.

It is unnecessary to abstract the testimony, except to state that it was sufficient to sustain the allegations of the complaint.

No objections were made to the instructions of the court. The sole ground relied upon for reversal is on account of alleged improper argument of counsel. In his motion for a new trial the plaintiff, Boone, states that R. J. White, counsel for the defendant, was, over his objections, permitted to argue to the jury "that if the mouth of the plaintiff's wife was not closed by the iron laws she would swear that Holder, the defendant, never had sexual intercourse with her; that her husband, the plaintiff, had mistreated her; that he had neglected her and had been too intimate with one of the witnesses for the plaintiff—Doshy Holder." The presiding judge refused to sign the bill of exceptions prepared in accordance with the language set forth in the motion for a new trial as above stated, but corrected it so as to read as follows:

"Gentlemen, in stating this cause to you I told you that I would prove that the plaintiff was tired of his wife, now that she is old and ugly; that he had mistreated her and was enamored of a younger and fairer woman—Doshy Holder—one of the witnesses in this case, and that all the suspicious circumstances that the witnesses for the plaintiff would bring into the case would be fully explained to your entire satisfaction, and that, too, consistent with the innocence of the plaintiff's wife of the foul charge of adultery which he makes against her. I have done the best I could to make my statement good in the proof, both by the testimony of witnesses directly given and by dragging out what of the truth I could by the cross examination of

unfriendly witnesses. If I have failed in any particular to make the proof as strong as I stated it, you must remember, gentlemen, that I was unable to obtain the testimony of the plaintiff's wife in this cause. She is excluded by an iron rule of law, which the court announced. I do not complain at the court or the law. But you must remember that she sits here in this court an anxious onlooker while the question of her virtue is being debated and bandied about, the most interested person connected with this case; and must sit dumb in the presence of these base accusations against her and her character, which she holds dearer than life. The interest of the plaintiff and of the defendant, however great, is insignificant in comparison with hers.

"What she might say if she were permitted to testify is only a matter of conjecture. I want you to weigh the testimony in the cause carefully, and remember that the reputation of a good woman, of a mother, is at stake, and that the law does not permit her to give her testimony either by way of denial or explanation, but must sit in silence and listen to her defamers in this temple of justice."

The plaintiff, not being satisfied with the correction made by the judge, procured the bill as originally prepared by him and as set forth in his motion for a new trial to be certified by two bystanders in the manner and form provided by the statutes. No controverting affidavits were filed by the defendant.

This court has held in the case of *Smith* v. *State*\* that a bill of exceptions as certified by the bystanders in accordance with the statute, in the absence of controverting affidavits, must be taken as representing the true state of the record. The case for some reason was omitted from our printed reports, but the correctness of the decision has never been questioned, and is now the settled law in this State. The case is reported in 16 S. W. 2.

In construing a similar statute, the courts of the State of Kentucky and of Missouri have held that the paper so filed will be treated as containing the correct version of the proceedings unless its truth be controverted by affidavit filed by the opposite

---

\**Ante,* p. 459.

side. *Norton* v. *Dorsey,* 65 Mo. 376; *Koelin* v. *Rufenact,* 6 Ky. Law Rep. 736. Therefore, as far as this court is concerned, the record stands as if the defendant's attorney had stated to the jury that plaintiff's wife would swear, if permitted to testify before the jury, that the defendant, Holder, had never had sexual intercourse with her, that plaintiff objected to these remarks, and that his objections were overruled.

It is a well established rule that it is error, sufficient to reverse a judgment, for the court to suffer counsel, against objection, to state facts pertinent to the issue and not in evidence. 12 Am. & Eng. Ency. of Pleading & Practice, p. 727; Thompson on Trials, § 963. Although not expressly decided, the language used by the court in the case of *Little Rock Ry. & Electric Co.* v. *Goerner,* 80 Ark. 158, expresses the same view. The reason for the rule is that a party can not be permitted to present his evidence in the form of argument of his counsel to the jury, but must confine himself to the legal method of establishing his cause of action or defense thereto.

The remarks complained of being a statement of matters material to the issues, the court should have admonished the attorney that the statement was improper, and should have told the jury to disregard it. Having failed to do this, it was prejudicial error to permit counsel to travel out of the record and to base his argument on facts not appearing therein. *Little Rock & Ft. Smith Ry. Co.* v. *Cavanesse,* 48 Ark. 106; *Fort* v. *State,* 74 Ark. 210.

For error in counsel for defendant stating to the jury prejudicial facts which were not in evidence, the judgment must be reversed and the cause remanded for a new trial.

HILL, C. J. (dissenting). I cannot concur in the construction placed on section 6226 of Kirby's Digest by the majority of the court. The force of *Smith* v. *State,* which the court follows, is weakened by its omission from the official reports. This can only be done through the approval of the Chief Justice (Sec. 1266, Kirby's Digest), and he was the writer of that opinion, and evidently did not regard it as affording a precedent.

The affidavits of bystanders, when in conflict with each other or in conflict with the judge's statement, should raise a question of fact to be determined in this court. If a bystander

testified that his attention was sharply drawn to the point in issue, and 'the judge was reading, writing or conversing, or nodded, as judges do sometimes nod, or in some other way indicated that his memory was more likely to be correct than the memory of the judge, then I think that the affidavit of one bystander might well control. But where the bystanders fail to show, as in this case, any reason for remembering the exact language used, and yet each put it in the identical words used in the motion for new trial, and the attention of the judge is not shown to have been diverted, and the judge says positively that this language attributed to counsel in his argument was not used, then I think the bystanders have failed to overcome the record as made by the judge. That the affidavits of bystanders raise an issue of fact for this court is, I think, the effect of the decision in *Boone* v. *Goodlett,* 71 Ark. 577, and the Smith case was ignored in that opinion; and that seems to me is the only proper construction to place on section 6226. Otherwise irresponsible bystanders can control the records of the court, and that evidently was not the intention of this statute, which was to enable parties to correct a record when the judge was shown to be in error.