AMERICAN JOBBING ASSOCIATION *v.* WESSON.

Opinion delivered November 15, 1909.

1.  SALE OF CHATTELS.—WHEN EXECUTORY.—Proof that goods sold were delivered to a responsible carrier for transportation, without showing to whom they were consigned, is insufficient to show delivery to the purchaser.  (Page 289.)

2.  SAME—RESCISSION.—A party to an executory contract is discharged therefrom where the other party has renounced liability thereunder. (Page 289.)

Appeal from Mississippi Circuit Court; *Frank Smith,* Judge; affirmed.

*J. T. Coston,* for appellant.

When the letter of February 22, 1906, was deposited in the postoffice, appellant became the owner of the old jewelry, and appellee then owed appellant the balance, $116.37.  Appellee was not prejudiced by the shipment back to her of the old jewelry— she still owed the balance stated and no more.  The contract was not thereby rescinded.  She was then the owner of the new jewelry, and owed the balance.  32 N. E. 411; 92 Pac. 1087; 154 Fed. 826; 108 Fed. 179; 9 Cyc. 635.

HART, J.  This suit was instituted by the American Jobbing Association against Mrs. E. V. Wesson, doing business under the name of the Evadale Grocery Company, to recover the sum of $115.92 alleged to be due on a contract for the sale of jewelry.

The court, sitting as a jury, made the following finding of fact: "In this case the court finds the fact to be that the plaintiff failed to comply with the terms and conditions of contract and sale upon which it sued, and that the defendant, by reason of such breach upon the part of plaintiff, was released from liability thereunder."

Accordingly, judgment was rendered by the court dismissing the action. The plaintiff has appealed to this court.

The abstract of plaintiff shows the facts to be as follows:

Plaintiff entered into a written contract to sell defendant certain jewelry. It was claimed by defendant that the agent of the plaintiff who made the sale agreed that plaintiff would take certain old jewelry of defendant's and credit her account with the sum of $99.22. After exchanging a few letters, plaintiff, on February 2, 1906, wrote defendant, agreeing to accept the old jewelry according to her contention. Upon receipt of this letter defendant wrote the plaintiff February 16, 1906, as follows: "Since you agreed to abide by the arrangements made here by your Mr. Hargis, we will take the case and jewelry out of the office, and open up the first of March."

February 19, 1906, defendant wrote plaintiff as follows: "We ship today the jewelry taken up by your Mr. Hargis. Give us credit for $99.22. We will now take the goods out of the office."

February 22, 1906, plaintiff wrote defendant as follows:

"We are in receipt of your esteemed favor of the 19th, and beg to state that we will accept the goods you have returned to us. We have already given your account credit for $99.22, which leaves a balance of $116.37."

On the 12th day of March, 1906, plaintiff wrote defendant that the old jewelry had been received, examined and found worthless. That the same had been returned to defendant and said: "We supposed that you were acting in good faith with us when you made your claim as to an alleged agreement with Mr. Hargis, and when you made your statement as to the amount of goods to be sent to us for credit on account under this alleged agreement, but you know yourself that the goods you shipped to us did not at the original invoice price begin to figure up to the amount of credit that you insisted upon."

The defendant then repudiated the whole contract.

The theory upon which plaintiff seeks to recover is that the contract was executed before the letter of March 12, 1906, was written; but this contention is not borne out by plaintiff's abstract of the record. 'It' is not shown that the jewelry was ever delivered to defendant. In her letter of February 19 defendant states that she would take the goods out of the office, but it does not appear that she did so. It is true that a delivery to a responsible carrier for transportation consigned to the defendant would have been a delivery to her. *Gottlieb* v. *Rinaldo,* 78 Ark. 123. But from aught that appears from the abstract of the record the goods may have been consigned to shipper's order. In which event there was no delivery, and the contract would be executory. It is well settled that an executory contract may be discharged by one party renouncing his liabilities under it. Plaintiff's letter of March 12 amounted to a refusal to abide by its contract as made, and so relieved the defendant from the obligation on her part: *Cochran* v. *Chetopa Mill &* *Elevator Co.,* 88 Ark. 343.

The judgment is therefore affirmed.