## WINGFIELD *v.* STATE.

### Opinion delivered May 9, 1910.

1. CRIMINAL LAW—RIGHT TO HAVE JURY POLLED.—Kirby's Digest, § 2419, providing that, upon a verdict being rendered, the jury may be polled at the instance of either party, which consists of the clerk or judge asking each juror if it is his verdict, and if one answers in the negative the verdict cannot be received, is mandatory and confers an absolute right, on demand, to have a jury polled. (Page 72.)

2. BILL OF EXCEPTIONS—AFFIDAVITS OF BYSTANDERS—CONCLUSIVENESS.—A bill of exceptions as certified by the bystanders in accordance with Kirby's Digest, § 6226, in the absence of controverting affidavits, must be taken as representing the true state of facts, unless controverted by affidavit filed by the opposite side. *Boone* v. *Holder*, 87 Ark. 461, followed. (Page 72.)

Appeal from Clark Circuit Court; *Jacob M Carter*, Judge; reversed.

*Hamby & Haynie* and *Hardage & Wilson,* for appellant.

Threats are admissible to show who was the probable aggressor in the difficulty. 82 Ark. 595. The jury should have been polled. Kirby's Dig. § 2419; Thompson on Trials, § 2632; 63 Ala. 97; 20 Cal. 69; 31 Ark. 196; 69 Ark. 626. Where the jury may be polled as of right, it is error to receive the verdict in the absence of defendant's counsel whereby the right is lost. 31 Wis. 615.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

In filing a bill of exceptions proved by bystanders, the statute must be strictly complied with. 71 Ark. 577; 57 Ark. 1; 56 Ark. 594. The case of *Boone* v. *Holder,* 87 Ark. 461, should be overruled. Appellant's effort to impeach the verdict of the jury by their affidavits is without authority of law. Kirby's Dig. § 2423; 70 Ark. 224; 67 Ark. 266; 59 Ark. 132; 37 Ark. 519; 29 Ark. 223; Bish. Crim. Proc. 1170. The punishment should be reduced to the minimum and then affirmed. 84 Ark. 292; 83 Ark. 268; 88 Ark. 579; 122 S. W. 727; 72 Ark. 276; 66 Ark. 270. Instructions not set out in appellant's abstract are presumed to be correct. 90 Ark. 161; 45 Ark. 348.

McCULLOCH, C. J. W. O. Wingfield was convicted of the crime of manslaughter, and appeals. Among other assign-

ments of error, he shows that when the jury returned a verdict against him he requested the court to poll the jury, but that the court refused to do so. The statute, which is a part of the Code of Criminal Procedure, provides that, "upon a verdict being rendered, the jury may be polled at the instance of either party, which consists of the clerk or judge asking each juror if it is his verdict, and if one answers in the negative the verdict cannot be received" (Kirby's Digest, § 2419).

There seems to be some doubt whether defendant could, as a matter of right, in the absence of a statute expressly conferring that right, demand a polling of the jury, or ·whether it rests in the discretion of the trial court. The authorities are conflicting on that question. But there can be no serious doubt that our statute on the subject was intended to be mandatory, and that it confers an absolute right, on demand, to have a jury polled.

In Alabama there is a statute on the subject reading as follows: "When a verdict is rendered, and before it is recorded, the jury may be polled, on the requirement of either party, in which case they must be severally asked if it is their verdict, and, if any answer in the negative, the jury must be sent out for further deliberation." The Supreme Court of that State decided that the statute is mandatory. *Brown* v. *State,* 63 Ala. 97.

If the statute is mandatory, it follows that the refusal to poll the jury was a prejudicial error, for it deprived the defendant of a substantial right to ascertain to a certainty from the individual expression of each juror whether or not the verdict reported by the foreman was concurred in by all.

But the circuit judge refused to certify this exception in the bill of exceptions, and defendant procured and filed within the time allowed the certificate of two bystanders attesting the truth of the exception as by him prepared. No controverting affidavits were filed by counsel for the State, and we must treat the exception as having been properly taken and preserved. *Smith* v. *State,* 87 Ark. 459; *Boone* v. *Holder,* 87 Ark. 461.

The Attorney General insists that the cases cited above are wrong, and that we should overrule them, and accept the certificate of the trial judge, refusing the exception. We decline to overrule those decisions, for they represent the deliberate judg-

ment of this court in construction of a statute prescribing a rule of practice on appeals to this court. Moreover, we are more fully convinced on further consideration of this question that those decisions are correct. The Legislature is entirely untrammeled by constitutional limitation in prescribing the mode in which exceptions to ruling of trial courts must be preserved in order to have them reviewed by the appellate court. No judicial act is involved in recording an exception, and the statute authorizing the attestation by bystanders of the truth of an exception is not unconstitutional, as contended by the Attorney General.

"The object of a bill of exceptions," says the Supreme Court of Mississippi, in opinion by Judge Simrall, "is to perpetuate, for the use of the appellate court, a full and complete history of what transpired on the trial, or so much as may be needed for the purpose of reviewing the proceedings. It is the creation originally of the statute of Westminster the 2d. The sole purpose is to certify to the court of review matters during the progress of the cause which are not noted in the record proper, and which in this mode becomes part of it. It is purely narrative and historical, and not judicial, except in the sense that it is the duty of the judge to sign and seal it. No judgment of the court is pronounced, it is a ministerial act, which by legislation could be committed to the clerk or other fit person." *Vicksburg & M. R. R. Co.* v. *Ragsdale,* 51 Miss. 447.

The statute makes it the duty of the trial judge, primarily, to sign the bill of exceptions prepared by the party if he conceives it to be true, or to correct it if he believes it to be incorrect. Then, "if the party excepting is not satisfied with the correction, upon his procuring the signatures of two bystanders attesting the truth of his exceptions as by him prepared, the same shall be filed as a part of the record" (Sec. 6226). When the trial judge allows the exception as presented to him by the party, his certificate of the fact is conclusive of the truth of the exception, and cannot be inquired into. But, if he refuses to allow it, then the statute points out another method of bringing the exception into the record—that is, by the certificate of two bystanders. The certificate of the bystanders is not conclusive when controverted; but it establishes the truth of the exception, and must be accepted by this court, unless controverted in the

manner pointed out in the statute, which does not contemplate nor require the maintenance, by other affidavits, of the certifi- cate of the bystanders unless controverted. The statute ought to provide for notice to the adverse party of the filing of the certificate of bystanders, so as to give opportunity for con- troverting its truth.    But this is a defect which must be cor- rected by the Legislature, if done at all. This court can only enforce the statute, not change it.

Other assignments of error need not be discussed.    For the error in refusing to poll the jury, the judgment is reversed, and the cause is remanded for new trial.