STARNES *v*. STATE.

Opinion delivered April 16, 1917.

1. CONTINUANCES—ABSENT WITNESS—DISCRETION OF COURT.—Where defendant was indicted January 21, 1916, and tried January 16, 1917, it is proper for the trial court to refuse a continuance on the ground of the absence of a witness, when the witness was not subpoenaed until two days before the trial, and the motion recited that he was only absent for a period of a few days.

2. APPEAL AND ERROR—FAILURE TO OBJECT TO INSTRUCTION.—An objection to an instruction will not be considered on appeal, when not incorporated in the motion for a new trial.

3. CRIMINAL LAW—SUFFICIENCY OF THE EVIDENCE—REASONABLE DOUBT.—The State is not required to prove each circumstance tending to show guilt, beyond a reasonable doubt; the evidence is legally sufficient for that purpose if, upon a consideration of it as a whole, it is sufficient to convince, and does convince, the jury, beyond a reasonable doubt, of the guilt of the accused.

4. CRIMINAL LAW—TRIAL—IMPROPER ARGUMENT—The State's counsel improperly remarked in argument that defendant had not testified, but *held*, the trial court by its instructions removed any prejudice resulting from the remark.

5. LARCENY—SUFFICIENCY OF EVIDENCE.—The evidence held sufficient to warrant a conviction for the larceny of certain hogs.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley*, Judge; affirmed.

*C. T. Bloodworth*, for appellant.

1. A continuance should have been granted. 71 Ark. 180.

2. The court erred in its instructions. 122 Ark. 259.

3. The prosecuting attorney's remarks were prejudicial.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1.   A motion for continuance is addressed to the sound discretion of the court and there was no abuse. 61 Ark. 88; 71 *Id.* 62; 82 *Id.* 203; 101 *Id.* 405; 94 *Id.* 538. No diligence was shown.   94 Ark. 169, 538; 19 *Id.* 590; 71 *Id.* 62.

2.   The objections to instructions are not set up in the motion for new trial. They are waived.   73 Ark. 455; 80 *Id.* 345; 75 *Id.* 534; 78 *Id.* 374; 103 *Id.* 307; 101 *Id.* 120; 95 *Id.* 363.

3.   The instruction asked had already been given. 103 Ark. 352; 101 *Id.* 569; 92 *Id.* 481.

4.   Any improper remarks by the prosecuting attorney were cured by the instructions of the court.   110 Ark. 538.

SMITH, J.   This appeal is prosecuted to reverse a judgment sentencing appellant to the penitentiary for the period of one year, for the crime of grand larceny, alleged to have been committed by stealing certain hogs, the property of one Abe Brown; and we discuss the assignments of error in the order in which they are presented in appellant's brief.

(1)   It is first said that error was committed in refusing to grant a continuance for the purpose of securing the attendance of one Frank Pickard, who, according to the recitals of the motion for a continuance, would have given material evidence in support of appellant's plea of not guilty.   It appears, however, that appellant was indicted January 21, 1916, and that the case was not called for trial until January 16, 1917, and there is no intimation that appellant did not have practically all this time to prepare for his defense, and the subpoena for this witness was issued in this case only two days before the trial.   A subpoena, however, had been issued in the case of Barley Starnes, who was also indicted for the larceny of the same hogs, but this subpoena was only placed in the hands of the sheriff of the county five or six days before the trial, and, from recitals in the motion for a continuance, it appears that appellant knew the witness had departed for

another county, but it was alleged that he was then only temporarily absent, and would return in about four days, as the affiant was informed and believed. We can not say, under these circumstances, that the court abused its discretion in holding that appellant had not made a sufficient showing of diligence to entitle him to a continuance. *Baldwin* v. *State,* 119 Ark. 518.

(2) Appellant complains of the action of the court in giving an instruction numbered 7. But he has failed to incorporate in his motion for a new trial an objection to this instruction; and we can not now consider this assignment of error. *Mabry* v. *State,* 80 Ark. 345; *Burris* v. *State,* 73 Ark. 453; *Ince* v. *State,* 77 Ark. 418.

It was shown at the trial that witnesses Tyler and Catt had helped appellant drive certain hogs, which Brown claimed to own, to appellant's house, it being the theory of the State that the appellant got the hogs to his house in this manner. Appellant requested the following instruction:

"If, after a full consideration of all the evidence, you have a reasonabe doubt that the hogs which the witnesses, Quinn Tyler and Oliver Catt, say they helped the defendant drive from the field of Abe Brown, were the property of Abe Brown, then you should find the defendant not guilty."

(3) The refusal to give this instruction is assigned as error. We think, however, that this was not prejudicial, because the State is not required to prove each circumstance tending to show guilt beyond a reasonable doubt. The evidence is legally sufficient for that purpose, if, upon a consideration of it as a whole, it is sufficient to convince, and does convince, the jury, beyond a reasonable doubt, of the guilt of the accused. *Lasater* v. *State,* 77 Ark. 468.

An instruction was given which very plainly told the jury to acquit the accused, if, upon a consideration of all the evidence in the case, a reasonable doubt was entertained as to his guilt, and no error, therefore, was com-

mitted in the refusal to give the instruction requested by appellant.

(4) Appellant did not testify at his trial, and, in the concluding argument, the prosecuting attorney said:

"The defendant has not denied a single allegation of the indictment."

Whereupon objection was immmediately made to this argument, and the court was requested to rebuke counsel in the presence of the jury for having made the remark quoted. This was not done, but the court gave an additional instruction to the following effect:

"No. 12. The statute of this State confers upon one accused of crime the right to testify in his own behalf, if he so desires; but if he does not see fit to take advantage of the right given to him, you are not to infer his guilt on account of that. You will determine the question of his guilt or innocence from all the facts and circumstances in proof before you. After having determined the facts, you will then apply the instructions applicable to the facts as you may find them, and render your verdict accordingly."

The court had previously given an instruction numbered 2, which reads as follows:

"No. 2. To this indictment the defendant pleads not guilty, and this plea puts in issue all the material allegations of the indictment. The indictment in itself raises no presumption of guilt against the defendant, but it is only an accusation for you to try. On the contrary, the defendant is presumed to be innocent until his guilt is established by the evidence, beyond a reasonable doubt, and the burden of so establishing such guilt is upon the State."

It is, of course, improper, and presumptively prejudicial, for the prosecuting attorney to call the attention of the jury to the failure of the accused to testify. But the instructions given before this remark was made, and the instructions set out above given immediately thereafter, were sufficient, in our opinion, to remove any prejudice

resulting from this remark. These instructions made it plain that the defendant was not required to deny his guilt, and that no inferences of guilt could be drawn from his failure to testify. *Ingram* v. *State*, 110 Ark. 538.

The appellant requested an instruction on this subject, which the court refused; but as it embodied substantially the idea set out in the instruction quoted, no error was committed in refusing that instruction, as the court is not required to multiply instructions upon the same issue, when the ones given fully and fairly declare the law applicable to the issue.

(5) It is finally insisted that the evidence is insufficient to sustain the verdict. But this can not be, if the testimony offered in behalf of the prosecution is accepted as true; and this we must, of course, do in testing the legal sufficiency of the evidence. Brown testified that he owned two litters of pigs, the smaller of which averaged about 100 to 125 pounds in weight. That the older ones were marked, but the younger ones were not. That, upon missing his hogs, he made inquiry for them, and went in search of them to the home of John Starnes, the father of appellant. That he found no hogs in Starnes' pen, but found that hogs had been kept in this pen, and traces of blood were found there. He found the hogs in his field coming from the direction of Starnes' place. All of the hogs were then marked, the mark of the older hogs having been altered to conform to the mark of the younger ones. Tyler testified that he helped drive two litters of hogs to appellant's house, and that appellant drove the hogs to John Starnes' house, and put them in a pen, and appellant marked them. Catt corroborated this statement, and gave a description of the hogs in respect to their size, number and color, which tended to identify them as the property of Brown. Other circumstances were testified to which tended to corroborate the testimony offered in behalf of the prosecution, and to contradict that offered by the defense, which need not be set out here. It suffices to say that the evidence is legally suffi-

cient to warrant the finding that appellant drove, and assisted in driving, the hogs in question to the home of his father, and there confined them in a pen, while he marked some of them and altered the marks of the remainder, and that this was done with the intention of depriving the true owner of his property. The judgment of the court below is, therefore, affirmed.