ROGER DEAN MOSBY & ALBERT NORRIS WILLIAMSON v. STATE OF ARKANSAS

5-5391                                    440 S.W. 2d 230

Opinion Delivered May 12, 1969

*John W. Cole* and *George Howard, Jr.* for appellants.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

FRANK HOLT, Justice.   The appellants were jointly charged by information with the crime of first degree

murder while in perpetration of robbery. Upon a joint trial, a jury found each guilty and death sentences were assessed. Upon appeal numerous assignments of error are made by each appellant for reversal. Appellant Mosby's present counsel was appointed midway in the trial to assist in his defense. This occurred when there arose a conflict of interests between the appellants. Both were then being represented by the same lawyer. Appellant Williamson's appellate counsel did not participate in the trial.

The victim of the alleged crime was Ronald E. Lovelace, a taxicab driver for the Yellow Cab Company of Little Rock, Arkansas. He disappeared on the night of June 3, 1968. On June 10th his body was discovered about two miles from the location of his abandoned cab which he had been driving the night of his disappearance. The investigation of the crime resulted in the apprehension, trial and conviction of the appellants.

In a capital case we are required to consider every objection made during the trial. Ark. Stat. Ann. § 43-2723 (Repl. 1964); *Harris* v. *State,* 238 Ark. 780, 384 S.W. 2d 477 (1964); *Hays* v. *State,* 230 Ark. 731, 324 S.W. 2d 520 (1959). One of appellants' objections relates to the giving of an instruction with reference to the fact that neither of the two accused appellants took the witness stand during the joint trial. The court gave the familiar or somewhat standard instruction that:

"A defendant may or may not testify in a case at his own discretion. The fact that a defendant did not testify is not evidence of his guilt or innocence and in fact is no evidence at all and is not to be considered by you in arriving at your verdict."

In the recent case of *Russell* v. *State,* 240 Ark. 97, 398 S.W. 2d 213 (1966), we reversed a conviction where a similar procedure occurred. There we said:

"* * * When the accused *asks* that such a charge be given it is reversible error for the court to deny

the request.    *Cox* v. *State,* 173 Ark. 1115, 295 S.W. 29 (1927).    When, however, the accused *objects* to such an instruction, a different situation is presented.    Our decisions on the point have not been entirely harmonious.    We held in *Watson* v. *State,* 159 Ark. 628, 252 S.W. 582 (1923), that the giving of the instruction was prejudicial error, but we took the opposite view in *Thompson* v. *State,* 205 Ark. 1040, 172 S.W. 2d 234 (1943).    Upon reconsidering the question we have concluded that the instruction ought not to be given against the wishes of the defendant.    If the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention.''

Therefore, we must hold that in the circumstances the giving of this instruction, to which appellants objected, constituted prejudicial error.

The appellants further urge for reversal that it was prejudicial error to admit in evidence appellants' admissions in which each made statements and accusations against the other.    According to their admissions, which were related to the jury, each appellant admitted being present and participating in the robbery of Lovelace. The jury was told, however, that each confessor denied the murder and accused the other of actually killing Lovelace following the robbery.    The state argues that this variance of cross-implication is permissible because the distinction between an accessory and principal has been abolished and the accessory is equally as guilty of a crime as is his principal.    Ark. Stat. Ann. § 41-118 (Repl. 1964) ; *Lauderdale* v. *State,* 233 Ark. 96, 343 S.W. 2d 422 (1961).

Therefore, the state contends that since both the appellants confessed their complicity in the robbery-murder and the only difference in the two confessions being that one accused the other of the actual stabbing, no

prejudicial error resulted from the introduction of their confessions implicating each other. The trial court carefully instructed the jury that the admission of one declarant could not be considered as evidence against his codefendant. The state cites and relies upon *People* v. *De Vine*, 293 N.Y.S. 2d 691, 57 Misc. 2d 862 (1968). There the harmless error doctrine was applied.

In view of a retrial, we deem it necessary to call attention to the recent cases of *Bruton* v. *United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968) and *Roberts* v. *Russell*, 392 U.S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100 (1968). It now appears that the use of the cross-implicating confessions in the case at bar is not permissible in a joint trial because of being in violation of the confrontation clause of the federal Sixth Amendment. The answer to the problem seems to be to delete any offending portions of the admissions with reference to a codefendant, if such deletion is feasible and can be done without prejudice, or to grant separate trials. See dissenting opinion of Mr. Justice White in *Bruton, supra.* In Arkansas a separate trial, if requested, is mandatory in capital cases. Ark. Stat. Ann. § 43-1802 (Repl. 1964). Therefore, upon a retrial this problem of cross-implicating confessions would not arise if a separate trial is requested.

The appellants separately argue other points for reversal. Since we do not consider that they are likely to occur on a retrial, we deem it unnecessary to discuss them.

Reversed and remanded.

BYRD, J., not participating.