CURTIS LEE JACKSON *v.* STATE OF ARKANSAS

5803                                    491 S.W. 2d 581

Opinion delivered March 5, 1973
[Rehearing denied April 9, 1973.]

*George Howard Jr.,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Jessie Dew and the appellant, Curtis Lee Jackson, were jointly tried upon a charge of having burglarized a car. Dew was acquitted, but Jackson was found guilty and sentenced to two years imprisonment. For reversal he argues that certain evidence should have been suppressed, as having been illegally seized by an officer acting without a search warrant, and that Jackson was prejudiced by the court's action in allowing a modified version of Dew's confession to be read to the jury.

We find no merit in the first point. At about midnight on November 23, 1971, the night desk clerk at a Pine Bluff motel saw two men take clothing and boxes from a brown Corvair car and carry them toward the back of the motel. At the same time a guest in the motel saw the men take two suitcases from the Corvair and put them in a 1956 red and white Chevrolet. The matter was immediately reported to the police, who investigated at the motel and broadcast the description of the car, stating that it was occupied by several black men. A car fitting the description was stopped by Officer Pippins (who was looking for the vehicle) at an intersection apparently eight blocks from the motel. Jackson was driving the car, and Dew was in the front seat. The officer saw one of the stolen suitcases in the back seat and, upon searching the car, found another one in the trunk.

Under the ruling in *Chambers v. Maroney,* 399 U.S. 42 (1970), the suitcases were properly admitted in evidence. In *Chambers* a car was similarly stopped on the basis of a description given by eyewitnesses who had seen it speed away from a parking lot in the vicinity of a filling station that had just been robbed. In upholding a warrantless search of the car at the police station, on the basis of probable cause, the court said:

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magis-

trate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

"On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable-cause factor still obtained at the station house and so did the mobility of the car . . ."

The court added that "for the purposes of the Fourth Amendment there is a constitutional difference between houses and cars." Upon the authority of that case the search in the case at bar was proper.

The appellant's second point for reversal complains of the introduction by the State of codefendant Dew's confession, which implicated Jackson. In *Bruton* v. *United States,* 391 U.S. 123 (1968), the court held that an accused person's constitutional right to be confronted with the witnesses against him, which includes the right to cross-examine them, entitles him to object to a codefendant's confession which also inculpates him. The court further held that the error is not cured by an instruction telling the jury that the confession can be considered as evidence only against the confessing defendant.

In following the *Bruton* case in *Mosby and Williamson* v. *State,* 246 Ark. 963, 440 S.W. 2d 230; (1969), we suggested that such a confession might be rendered admissible by the deletion of the references to the non-confessing defendant. Here the trial court attempted to follow our suggestion, by striking out all references to Jackson by name and substituting phrases such as "a friend of mine." The appellant insists that the revised confession nevertheless so unmistakably referred to Jackson as to be inadmissible.

We need not determine whether Dew's edited confession would have been admissible under *Bruton,* for later in the trial Dow testified in his own defense, denied the truth of his confession, and corroborated Jackson's state- ·

ment that the suitcases had been put in the car by an unknown man who caught a ride with Jackson and Dew near the motel and fled when the police car approached with its blue light on. In a case decided after *Bruton* the Supreme Court held that when the proceedings take the turn that we have just described, there is no denial of the right of confrontation. *Nelson* v. *O'Neil,* 402 U.S. 622 (1971). From that opinion:

> "It would be unrealistic in the extreme in the circumstances here presented to hold that the respondent was denied either the opportunity or the benefit of full and effective cross-examination of Runnels.

> "We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."

It follows that there is no merit in the appellant's second contention.

Affirmed.