DANIEL INGRAM, JR. ET AL. *v.* STATE OF
ARKANSAS

CR 73-39                                498 S.W. 2d 862

Opinion delivered September 4, 1973
[Rehearing denied October 8, 1973.]

*Harold L. Hall,* Public Defender, by: *Garner L. Taylor Jr.,* Dep. Public Defender, for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The three appellants, Daniel Ingram, Jr., Raymond Pruitt, and Willie Stovall, were tried jointly, convicted of rape, and sentenced to thirty years imprisonment. We find no merit in their four contentions for reversal.

On the night of July 18, 1972, Mr. and Mrs. Danny McCulley, both 19 years old, were hitchhiking in Pulaski county on their way back to their home in Florida. They were picked up by the three appellants, residents of

Pulaski county, who promised to take the McCulleys to Memphis. Instead, the appellants drove to an isolated spot outside North Little Rock, where they locked Mc-Culley in the trunk of the car and successively raped Mrs. McCulley. Upon releasing McCulley the appellants took his watch, which was a Seiko "week-dating" watch with a cracked crystal. When the appellants drove off, the Mc-Culleys made their way to a farmhouse and called the police.

Within a day or two the sheriff's department, apparently acting upon the McCulleys' description of the appellants' car, arrested the three appellants. All three men signed confessions, which the trial judge, after a *Denno* hearing, found to have been voluntary. The McCulleys identified the three men. The McCulleys also testified that when the appellants first stopped their car at the scene of the crime and pretended to be looking for some sort of mechanical trouble, the McCulleys handed them a book of matches. The officers found in the appellants' car a book of matches advertising the McCulleys' bank in Florida. The defendant Stovall led the officers to the place where he had thrown McCulley's watch, which was recovered. The McCulleys identified the matches and the watch.

The appellants first argue that the trial court should not have allowed the State to prove that the appellants robbed McCulley of his watch, it being contended that the robbery was a separate crime having no bearing upon the charge of rape. The testimony about the robbery, however, must be considered along with the proof that Stovall assisted the officers in finding the watch. The proof was clearly relevant, as tending to show that the appellants were the perpetrators of the rapes. *Stone* v. *State,* 162 Ark. 154, 258 S.W. 116 (1924).

The appellants' second and third points have to do with the prosecuting attorney's use of Ingram's confession in the course of cross-examining Ingram himself. This is the background for the appellants' present contentions: The three confessions had been introduced by the State as part of its case in chief, but in each confession all references to the other defendants by name had been

deleted in an effort by the State to comply with our holding in *Mosby v. State,* 246 Ark. 963, 440 S.W. 2d 230 (1969). Later on each defendant took the stand and testified in his own defense. Each one denied his participation in the rapes and, with supporting witnesses, testified that he was somewhere else at the time the offenses were supposedly committed. Each defendant also testified that his own confession, although admittedly signed by him, had been obtained by police brutality and was not true.

The prosecuting attorney, in cross-examining Ingram, was permitted to read from Ingram's original confession rather than from the modified version in which the names of Pruitt and Stovall had been deleted. The trial judge, in allowing that procedure, instructed the jury that the confession was to be considered only with respect to Ingram's credibility and was not to be considered as evidence against the other two defendants.

We find no error. The original unexpurgated confessions were at first inadmissible only because they were evidence implicating the codefendants without affording the latter their constitutional right of cross-examination. But that objection disappeared when all the defendants elected to testify, submitting themselves to cross-examination. *Jackson v. State,* 253 Ark. 1116, 491 S.W. 2d 581 (1973). We are not impressed by the appellants' insistence that the *Jackson* case is to be distinguished on the ground that there the codefendant testified favorably to the complaining appellant, while here the codefendants testified favorably only to themselves. In effect each appellant stated on oath that the McCulleys and the police officers had all testified falsely. We fail to see how that testimony can be regarded as being either unfavorable to the codefendants or restrictive of their right of cross-examination.

The appellants also argue, without citation of authority, that the prosecuting attorney should not have been allowed to use Ingram's original confession for impeachment purposes, because it was not introduced in evidence. A complete answer to that argument is that Ingram's confession, as we have said, became admissible when he took the stand. Had there been any request by the defendants that it then be introduced in evidence, that

request would doubtless have been granted. There was no such request, nor is there any indication that the court's procedure was prejudicial to the defendants.

Finally, the appellants contend that the trial court should have granted their motions for separate trials. Whether the defendants in a non-capital case (as this one now is) are entitled to a severance rests in the sound discretion of the trial court. *Perkins* v. *State,* 217 Ark. 252, 230 S.W. 2d 1 (1950). Inasmuch as all three of the appellants denied their participation in the offenses and sought to establish alibis, there was no essential conflict in their defenses. We are unable to say that the trial judge abused his discretion in requiring the appellants to be tried together.

Affirmed.