Lois CLARK *v.* STATE of Arkansas

CR 74-17                                    509 S.W.2d 812

Opinion delivered May 28, 1974

*Sam Sexton Jr.,* by: *Jim D. Spears,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with first degree murder and a jury convicted her of voluntary manslaughter in the stabbing death of her husband as the result of a domestic fight. The jury imposed a seven year

sentence. For reversal appellant contends that a mistrial should have been granted due to prejudicial statements of the prosecutor in his opening statement, the pertinent part of which reads:

> ****If you notice, I'm here by myself, and this vacant chair. He might be here to tell his side but he's not here. The story then that you will have about what happened out there will come from her. . . ."

At this time the appellant's counsel moved for a mistrial, stating in part:

> ****I warned him not to tell the jury that she would testify. . . . [T]he prosecutor has no right to put the burden on the defendant to take the stand except by evidence and he certainly has no right and it's highly improper and highly prejudicial for him to tell the jury that the story in this case is going to come from the defendant and he turned and pointed to the defendant when he said so and I object and I move for a mistrial.

The court denied appellant's motion for a mistrial. Appellant contends that the above remark compelled her to testify when she would not otherwise have done so. Appellant's counsel expressly stated before appellant testified that she was not waiving her objection to the opening statement and motion for a mistrial. We must consider the contention under the requirements of the Fifth Amendment of the United States Constitution which states ". . . . no person . . . . shall be compelled in any criminal case to be a witness against himself. . . . ." as well as our state constitutional equivalent, Ark. Const., Art. 2, § 8 (1874), and our statutory provision, Ark. Stat. Ann. § 43-2016 (Repl. 1964), which reads:

> On the trial of all indictments, informations, complaints, and other proceedings against persons charged with the commission of crimes, offenses and misdemeanors in the State of Arkansas, the person so charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him.

The privilege articulated in the Fifth Amendment finds its origin and can be traced back to the thirteenth century.

*Miranda* v. *Arizona,* 384 U. S. 436, 458 n. 27 (1966). The enlightening history of the rule is concisely reviewed in McCormick on Evidence §§ 115-118 (2d. Ed. 1972). See also 8 Wigmore on Evidence, § 2250 (McNaughton Rev. 1961). According to these authorities, the popularity of the privilege against self-incrimination in England sprang from the impact of the ecclesiastical courts and the courts of the Star Chamber and High Commission. Torture attended the victim-defendant's interrogation and his compulsory testimony became the vehicle for the rise of dictatorial Kings and the suppression of religious diversity. The common law courts responded with the theory that it was inherently improper to compel testimonial response by the accused to charges against him. The privilege was transplanted and continued by our American colonies as a part of our legal heritage and was inserted in the constitution or bill of rights of seven of the American States by 1789 and was adopted in the U. S. Constitution in 1791 as the Fifth Amendment and, as indicated in our own state constitution.

We are, of course, controlled by the federal requirements of the Fifth Amendment as well as our own similar constitutional and statutory provisions. Part of the requirements of the federal amendment demand that the prosecution not comment on the defendant's failure to testify. See *Griffin* v. *California,* 380 U. S. 609 (1965), where it was error for the prosecutor to argue:

> These things [details of the alleged murder] he has not seen fit to take the stand and deny or explain. . . . Essie Mae is dead, she can't tell you her side of the story. The defendant won't.

Accord, *Perry* v. *State,* 188 Ark. 133, 64 S.W.2d 328 (1933), where the prosecutor argued that ". . . .the defendant has not denied a single, solitary iota of evidence that has been given against him from the stand here today," and *Bridgman* v. *State,* 170 Ark. 709, 280 S.W. 982 (1926), where the prosecutor remarked that the defendant had not denied drinking that day. Cf., *Stout* v. *State,* 246 Ark. 479, 438 S.W.2d 698 (1969).

A comment on defendant's failure to testify may not require reversal, but before such a comment can be harmless error, the court must determine that it is harmless beyond a

reasonable doubt. *Chapman* v. *California,* 386 U.S. 18 (1967). For example, we have held that a prosecutor's comment concerning defendant's failure to take the stand was harmless where the trial court determined that none of the jurors heard the remark. *Powell* v. *State,* 251 Ark. 46, 471 S.W.2d 333 (1971). At all times, however, the court must accord a liberal construction to effectuate the purpose the privilege was designed to secure. *Quinn* v. *United States,* 349 U. S. 155 (1955) and *Counselman* v. *Hitchcock,* 142 U. S. 547 (1892).

We have held that it is error, over defendant's objection, to give an instruction that defendant's failure to testify is not to be considered by the jury. *Mosby & Williamson* v. *State,* 246 Ark. 963, 440 S.W.2d 230 (1969) and *Russell* v. *State,* 240 Ark. 97, 398 S.W.2d 213 (1966). Even such a neutral comment on defendant's silence should not be given over his objection. Similarly, we have held that it was error during voir dire for the court to promise an instruction at the close of the case concerning defendant's testimony or silence, absent a specific request for that instruction by defendant. *Mosby* v. *State,* 249 Ark. 17, 457 S.W.2d 836 (1970).

Therefore, in applying the rationale of the Fifth Amendment and our own state constitution and statutory provision in the instant case, we certainly cannot say with confidence that the remark of the prosecutor did not to some extent compel the defendant to testify in her own behalf. It is fair to say that the remark resulted in pre-evidentiary coercion which is just as forbidden as is post evidentiary comment. Certainly we cannot say that the effect of the comment was harmless beyond a reasonable doubt. To the contrary, it is precisely the sort of coercive activity the Fifth Amendment is designed to prevent. The guarantee or privilege against self-incrimination "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman* v. *U. S.,* 341 U.S. 479 (1951). The right to testify or remain silent is an absolute and "unfettered" right for a defendant only to exercise. Unless justified, the state should not comment in any manner upon that basic right in the opening as well as closing statement.

Even if the remarks were not held to be constitutionally repugnant, the prosecutor's comment was not within the proper scope of the opening statement. The scope of the

opening statement is limited to a "brief statement of the evidence on which the state relies," Ark. Stat. Ann. § 43-2110 (Repl. 1964), and the issues to be tried. *Karr* v. *State,* 227 Ark. 777, 301 S.W.2d 442 (1957). No asserted fact should be stated by the prosecutor unless it is material evidence on the part of the state. *Smith* v. *State,* 205 Ark. 1075, 172 S.W.2d 249 (1943). For example, where inadmissible evidence of alleged criminal reputations of defendants was referred to in an opening statement, we have reversed even over the cautionary instruction of the trial court. *Marshall* v. *State,* 71 Ark. 415, 75 S.W. 584 (1903). Our standards are the same as those of the A.B.A. Project on Minimum Standards for Criminal Justice. See, Standards Relating to the Prosecution Function and the Defense Function, The Prosecution Function § 5.5 (Approved Draft 1971).

We have carefully considered and find no merit in appellant's contentions that the court erred in allowing the prosecutor to cross-examine the defendant with respect to the shooting of appellant's previous husband or that the court erred in sustaining the prosecutor's objection to the relevancy of showing that the decedent was a bigamist for the purpose of determining who was the aggressor in the fatal affray.

For the error as indicated in the opening statement, the judgment is reversed and remanded.