STATE of Arkansas *v.* Randall L. WILLIAMS, Judge

**CR 74-23**                                     512 S.W. 2d 531

Opinion delivered June 24, 1974
[Rehearing denied September 9, 1974.]

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for petitioner.

*George Howard Jr.,* for respondent.

GEORGE ROSE SMITH, Justice. This is an *ex parte* petition filed by the State of Arkansas for a writ of certiorari to quash an order entered in the Jefferson Circuit Court in the case of *Jackson* v. *State.* Curtis Lee Jackson, who appears to be the real party in interest, has appeared specially by counsel to ask that the petition for a writ of certiorari be dismissed. Upon the six-page record before us we conclude that the petition should be dismissed, for want of proper parties.

In March, 1973, we affirmed a judgment finding Jackson guilty of burglary and sentencing 'him to imprisonment for two years. *Jackson* v. *State,* 253 Ark. 1116, 491 S.W. 2d 581 (1973). In September the trial court, at Jackson's request, entered an order suspending the sentence and allowing him to remain at liberty, without supervision. Apparently the State filed a notice of appeal from that order, but we infer from the record that the appeal was not perfected owing to the State's failure to obtain the record and lodge it in this court.

On February 14, 1974, the Attorney General filed the

present *ex parte* petition for a writ of certiorari to quash the trial court's order of suspension, the State's contention apparently being that the order is void under such cases as *Freeman* v. *State*, 158 Ark. 262, 249 S.W. 582, 250 S.W. 522 (1923). Jackson is obviously the real party in interest, but, as we have indicated, he is not joined as a party to the proceeding and appears specially to oppose the petition.

We are unwilling to say that the trial court's order of suspension is so demonstrably void on its face that it should be quashed in a proceeding to which Jackson, the person actually concerned, is not a party. Ordinarily a petition for certiorari is an adversary proceeding, in which interested persons are entitled to be heard. See *Black* v. *Brinkley*, 54 Ark. 372, 15 S.W. 1030 (1891). Here it is certainly possible that Jackson has a valid defense to the petition, or at least an arguable one. There is, for example the possibility that the State consented to the order or that its abortive attempt to appeal precludes it from attacking the order. What the State is asking us to do, in this *ex parte* proceeding, is to cancel the trial court's order and to send Jackson to prison, without affording him either notice or an opportunity to be heard, and with no evidence except the bare order itself. We are not persuaded that such a summary disposition of the matter is called for.

Petition dismissed.