LETTS, Judge.
This case comes before us for review of a conviction of aggravated assault. There are multiple points on appeal but we confine ourselves to a discussion of the law and facts surrounding three of same which are reversible error.
The appellant owed $400 to one of two brothers who, over an extended period, both made strenuous efforts to collect the debt. Only two days before the incident now before us, the victim (one of the brothers) had struck the defendant and broken his nose. Both brothers returned on the day in question and this time the nose breaker brother stayed outside in the car while the other went to appellant’s door where the appellant shot him.[1] Thereafter, the appellant also fired the three shots, which gave rise to this charge, at the nose breaking brother still sitting outside in the car.
During the trial the appellant attempted to introduce evidence that the brother, shot at the door, had some nine months earlier, while attempting to collect the same debt, threatened to shoot the accused and had waved a gun. The court refused to allow this testimony on the theory that the death threat did not come from the victim in this case (the brother in the car) but came from his opposite number shot at the door. We feel the trial judge was in error.
Although nine months old, death threats with flourished pistols will remain indelibly stamped on the mind. Moreover, the actions of the two brothers were efforts in concert to further a common scheme showing great continuing animus by both toward the appellant. Such would certainly bear on the issue of self defense from either brother. See 6A C.J.S. Assault & Battery § 118. Threats by a relative of the victim are properly admissible under such circumstances. See 6 Am.Jur.2d, Assault and Battery § 100. Moreover, even if not admissible on the issue of self defense, the testimony “should have been permitted to attempt to demonstrate the bias and hostility . against the appellant.” Lewis v. State, 335 So.2d 336, 339 (Fla.2d DCA 1976).
Another error occurred when the prosecutor made the classic mistake of referring to the defendant’s fifth amendment rights by telling the jury:
“Now the testimony may be different if the (appellant) testifies.”
See Royal v. State, 347 So.2d 742 (Fla. 4th DCA 1977).
Finally, the defense, during cross examination of the state’s chief witness, asked him,
Q. Have you ever been convicted of a crime?
The court sustained an objection to this, why we know not, because both lawyers approached the bench out of earshot of the reporter. We can think of no reason, apparent from the record, why this was not permissible attempt at impeachment. As this court said in Irvin v. State, 324 So.2d 684, 686 (Fla. 4th DCA 1976),
“The proper procedural approach is simply to ask the witness the straightforward question as to whether he had ever been convicted of a crime.”
Such is exactly what was asked in this case.
REVERSED AND REMANDED for a new trial.
CROSS and MOORE, JJ., concur.

. This particular shooting was not the subject of this trial or appeal.