440 So.2d 454 (1983)
Richard BAIN a/K/a Richard Menard, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1522.
District Court of Appeal of Florida, Fourth District.
November 2, 1983.
Rehearing Denied November 30, 1983.
Richard L. Jorandby, Public Defender, and Cathleen Brady, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
The defendant appeals his conviction and sentence for burglary. After considering all the points raised on appeal, we find two which merit discussion and reverse for a new trial.
The defendant was apprehended at the scene of a burglary. Prior to his arrest, he told the police that he lived in the burglarized residence. However, through other witnesses present it was determined that the defendant was not, in fact, the owner of the premises, and he was arrested. A search of the defendant revealed a gold watch allegedly taken from the home.
*455 During the trial, the arresting police officer was questioned regarding his administration of Miranda rights to the defendant. The conclusion of his testimony was:
Prosecutor: Q Did you read all  excuse me. Go ahead.
Officer: A And knowing and understanding your rights as I have explained them to you, are you willing to answer my questions without an attorney present?
I believe his answer there was, he was unsure of himself and I didn't go any farther with him.
Defense counsel objected and asked for a mistrial, which was denied.
The officer continued to testify that after he observed that the defendant was unsure of himself and decided not to pursue questioning because of this uncertainty, he asked the defendant two more questions: his name and address. At this point, the defendant gave two different names, and he also gave his address. This evidence was crucial since at the time the officer arrived at the scene of the burglary, the defendant told the police officer that he lived in the home that had just been burglarized. Therefore, the officer elicited incriminating evidence after the defendant appeared unsure about invoking his right to remain silent.
The law is clear that a defendant's invocation of his right to remain silent may not be used against him, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Bennett v. State, 316 So.2d 41 (Fla. 1975). In Trafficante v. State, 92 So.2d 811 (Fla. 1957), the Supreme Court prohibited any such comment, without regard to the character of the comment, or the motive or intent with which it is made. If such a comment is subject to an interpretation which would bring it within the constitutional prohibition, regardless of its susceptibility to a different construction, it constitutes reversible error.
The statements that were elicited in this case violated the defendant's constitutional rights since they can easily be construed as a comment on his right to remain silent. Furthermore, the defendant's constitutional rights were violated when the arresting officer continued questioning after acknowledging that the defendant appeared uncertain about continuing the interrogation.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.