443 So.2d 192 (1983)
Andrew ROBERTS, a/k/a Andres Smith, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1619.
District Court of Appeal of Florida, Third District.
December 13, 1983.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HENDRY, BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The defendant's conviction for burglary of a structure is reversed and the cause remanded for a new trial upon a holding that the prosecutor's comment in his opening statement to the jury, namely, "... but there is one piece of evidence that will be presented that he will not be able to explain and that will be the evidence that links that defendant to the crime as charged," was, without doubt, fairly susceptible of being interpreted by the jury as referring to the defendant's exercise of his right to remain silent, see Samosky v. State (Fla. 3d DCA 1983) (Case No. 82-2614, opinion filed November 15, 1983), and cases cited therein, regardless of its susceptibility to a different construction, Trafficante v. State, 92 So.2d 811 (Fla. 1957); Bain v. State, 440 So.2d 454 (Fla. 4th DCA 1983), and notwithstanding that the comment, made as it was prior to the presentation of evidence, related to the defendant's "impending failure to take the stand" rather than "his completed election not to become a witness." State v. Turner, 433 A.2d 397, 401 (Me. 1981). See Fussell v. State, 436 So.2d 434, 435 (Fla. 3d DCA 1983) (prosecutor's question during voir *193 dire, "Does it bother you that ... it is going to be [the victim's] word against his word?" held comment on defendant's failure to testify); Ramos v. State, 413 So.2d 1302, 1303 (Fla. 3d DCA 1982) (prosecutor's comments during voir dire "implying that defendant's testimony might have incriminated her, when considered in light of the fact that she did not take the stand, was clearly amenable to interpretation by the jury as referring to her failure to testify."); Smith v. State, 358 So.2d 1137 (Fla. 3d DCA), dismissed, 364 So.2d 892 (Fla. 1978) (prosecutor's opening statement comment that the basic issue is whether the jury is going to believe the State's witness or the defendant amounts to comment on defendant's later failure to testify); Manofsky v. State, 354 So.2d 1249 (Fla. 4th DCA 1978) (prosecutor's remark, apparently made in opening statement, that the testimony may be different if the defendant testifies is comment on defendant's later failure to testify). Accord, Clark v. State, 256 Ark. 658, 509 S.W.2d 812, 815 (1974) (prosecutor's opening statement comment that the story about what happened will come from the defendant results in "pre-evidentiary coercion which is just as forbidden as post evidentiary comment"). Accordingly, the trial court's failure to grant the defendant's timely motion for mistrial is reversible error without regard to the harmless error doctrine. Harris v. State, 438 So.2d 787 (Fla. 1983); Donovan v. State, 417 So.2d 674 (Fla. 1982); David v. State, 369 So.2d 943 (Fla. 1979). Because the defendant's motion for judgment of acquittal based on his contention that the evidence was insufficient was properly denied, the cause is
Reversed and remanded for a new trial.