468 So.2d 298 (1985)
Richard Leon LOWRY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-526.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Rehearing, Rehearing and Certification Denied May 29, 1985.
Lester W. Jennings, Okeechobee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied May 29, 1985.
PER CURIAM.
A jury found appellant guilty of committing a lewd and lascivious act upon a six year old child. In his appeal from judgment entered upon that verdict, appellant has raised one point which requires reversal.
In closing argument, defense counsel remarked that the State had failed to call *299 certain witnesses. In response, the prosecutor pointed out that all these persons were in court, and available for the defense to call if it so desired. He then said,
You heard [defense counsel] say that he has talked to the witnesses in this case many times and that is true. Until Mr. Lowry testified in here the other day I had no idea whatsoever what he was going to say but he knew exactly what all of the State witnesses were going to say before he got up and testified. They had no idea what he was going to say. Keep that in mind.

[Emphasis added.]
The State contends that it directed this comment to appellant's credibility. We would not disagree; however, the remark is also fairly susceptible of construction as a comment upon appellant's right to remain silent, and is reversible without resort to the harmless error doctrine. Clark v. State, 363 So.2d 331 (Fla. 1973); Bennett v. State, 316 So.2d 41 (Fla. 1975); Trafficante v. State, 92 So.2d 811 (Fla. 1957).
Appellant also challenges the competency of the victim. Although we do not base our reversal on this point, appellant having failed to preserve it by timely objection, we would point out that the victim was unable to make a clear response to the questions asked by the trial judge during the qualification procedure. On remand, the trial judge should ensure that the victim's responses demonstrate her competency according to the standards set forth in Kaelin v. State, 410 So.2d 1355 (Fla. 4th DCA 1982).
REVERSED AND REMANDED FOR NEW TRIAL.
DELL and WALDEN, JJ., concur.
ANSTEAD, C.J., concurs specially with opinion.
ANSTEAD, Chief Judge, concurring specially:
I concur in the majority's opinion and write separately only to note that under a more flexible standard I would find the comment quoted in the majority opinion to be harmless error. Cf. Bain v. State, 440 So.2d 454 (Fla. 4th DCA 1983); Brazil v. State, 429 So.2d 1339 (Fla. 4th DCA 1983).