DELL, Judge.
In Lowry v. State, 468 So.2d 298 (Fla. 4th DCA 1985), we reversed appellant’s conviction of a lewd and lascivious act upon a six-year-old child and remanded this case for a new trial. We concluded that comments made by the prosecutor during closing argument were fairly susceptible of construction as a comment upon appellant’s right to remain silent. We reversed on the authority of Clark v. State, 363 So.2d 331 (Fla.1978); Bennett v. State, 316 So.2d 41 (Fla.1975); and Trafficante v. State, 92 So.2d 811 (Fla.1957). On certiora-ri review, the supreme court held:
We have since receded from the per se reversible rule espoused in Clark, Bennett, and Trafflcante and reestablished the harmless error standard. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
*1197 Accordingly, we remand this cause to the Fourth District Court of Appeal with instructions to determine whether the comment regarding Lowry’s right to remain silent was harmless beyond a reasonable doubt in accordance with the test set forth in DiGuilio.
State v. Lowry, 498 So.2d at 427 (Fla.1986). In State v. DiGuilio, 491 So.2d 1129 (Fla.1986), the supreme court said:
The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. See Chapman [v. California] 386 U.S. [18] at 24, 87 S.Ct. [824] at 828 [17 L.Ed.2d 705 (1967)]. Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.
Id. at 1138.
We have considered the evidence presented in the trial court and the prosecutor’s comment in relation to that evidence. The victim’s mother testified that she confronted appellant after her son told her of the alleged incident involving her daughter. She testified:
Q. And, you called him at work?
A. Yes. I asked him if there was any truth to this matter and he couldn’t say nothing to me.
Q. What specifically did you ask him? What words did you use? As best as you can recall.
A. I told him that the children had told me things that were unbelievable and were shocking to me and I told him what they had told me and I asked him if there were any truth to the matter—
[[Image here]]
Q. Go ahead.
A. I told him what the children had said and I asked him if this was true—
Q. Excuse me, by what they said, you mean—
A. What Michael had told me.
Q. This charge that we are talking about here?
A. Yes. This charge that we are talking about.
Q. You told him that? What was his reaction? What was his statement?
A. He didn’t say nothing to me. Nothing.
Q. He didn’t say anything?
A. Nothing. He was silent and I said can’t you tell me something? Can’t you say you did or you didn’t? Can’t you say something to me? Say something. And at that time it dawned on me that it must have been true and he said he didn’t know what I was talking about and I told him at that time that I think it would be best if we separated and just to come and get your things and then I went to work and I called the Sheriff’s Department and told them everything.
In DiGuilio, the court pointed out that: The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139.
During closing argument the prosecutor said:
You heard [defense counsel] say that he has talked to the witnesses in this case many times and that is true. Until Mr. Lowry testified in here the other day I had no idea whatsoever what he was going to say but he knew exactly what *1198 all of the State witnesses were going to say before he got up and testified. They had no idea what he was going to say. Keep that in mind.
[Emphasis added].
Based on our review of the record, we cannot say that the state has demonstrated beyond a reasonable doubt that the prosecutor’s comments, when considered in the light of the child’s mother’s earlier testimony, did not affect the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore we reverse and remand this cause for a new trial.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.