552 So.2d 268 (1989)
Robert SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2395.
District Court of Appeal of Florida, First District.
November 8, 1989.
Rehearing Denied December 8, 1989.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch and Richard Doran, Asst. Attys. Gen., and Gypsy Bailey, Legal Intern, for appellee.
ERVIN, Judge.
The appellant was convicted and sentenced on two counts of sale of a controlled substance and on one count of possession of a controlled substance with intent to sell. We affirm in part, and reverse in part and remand.
Columbia County Sheriff's Investigator Anderson Holland gave confidential informant Willie Means money to make controlled drug buys and placed a radio transmitter on him. Means went to an area known for drug activity and initiated a drug purchase from appellant Simmons. Means later testified at trial that he observed Simmons holding a pill box containing several pieces of crack. Means bought a "rock" from Simmons and began to walk away, then turned and purchased another rock from Simmons about thirty seconds later. Simmons was arrested two to three weeks later, therefore, the police were not able to seize the crack that Means had observed but not bought.
While we are in agreement that there was no error in the lower court's imposition of guilt for the separate sales of cocaine, we do find error in the trial court's limitation of appellant's examination of Means. During recross-examination, the defense asked Means whether he had ever been convicted of a felony. The state objected, arguing that this question was beyond the scope of redirect, and the court sustained the objection. Under Section 90.610(1), Florida Statutes (1987), a party may attack *269 the credibility of a witness with evidence that the witness has been convicted of a crime if the crime was punishable by imprisonment in excess of one year. Davis v. State, 397 So.2d 1005, 1007 (Fla. 1st DCA 1981). It is well established that a defendant is permitted great latitude in cross-examining a witness to determine whether the witness is speaking truthfully. Cruz v. State, 437 So.2d 692, 694 (Fla. 1st DCA 1983), disapproved on other grounds, Edwards v. State, 548 So.2d 656 (Fla. 1989). A witness's credibility is "always a proper subject of cross-examination." C.W. Ehrhardt, Florida Evidence § 608.1, at 292 (2d ed. 1984). This principle holds true in the context of recross-examination.
Although the appellant failed to proffer any evidence of Means' prior convictions or of a possible deal with the prosecutor, we cannot conclude that the trial court's limitation of recross-examination was, under the circumstances, harmless error. Manofsky v. State, 354 So.2d 1249, 1250 (Fla. 4th DCA 1978). Means' testimony was the sole evidence relating to the count charging Simmons with possession of a controlled substance with intent to sell. Cf. Newsome v. State, 543 So.2d 465 (Fla. 2d DCA 1989) (informant's testimony that the defendant possessed several rocks in addition to the one purchased was competent, substantial evidence to support conviction of possession with intent to sell cocaine). Simmons had an absolute right to expose any prior convictions[1] or pending charges against Means for the purposes of impeaching Means' credibility and/or demonstrating his bias in favor of the state. Patterson v. State, 501 So.2d 691, 692 (Fla. 2d DCA 1987).
The convictions for sale of cocaine are affirmed, and the conviction for possession with intent to sell is reversed and the case remanded for new trial.
ZEHMER, J., concurs.
NIMMONS, J., concurs and dissents with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
I agree that the convictions for sale of cocaine should be affirmed but I disagree that the conviction for possession with intent to sell should be reversed.
In my view, the trial court's error in sustaining the prosecutor's objection to the defense lawyer's question of the police informant on recross as to whether the informant had ever been convicted of a felony was harmless.
Prior to the testimony of informant Means, in which defense counsel was thwarted from asking Means on recross as to whether he had ever been convicted of a felony, the jury was advised, through the testimony of an earlier state's witness, Officer Holland, that informant Means had previously been convicted of a crime. Defense counsel was allowed, over the state's objection, to elicit such information on recross of Holland. The following is the pertinent portion of the recross of Officer Holland:
By Mr. Nelson [Defense Counsel]:
Q. Mr. Holland, to your knowledge, has he ever been convicted of a crime?
By Mr. Page [Prosecuting Attorney]:
Objection, Your Honor, that's not a proper impeachment question for this witness. He can ask Means that when he takes the stand.
* * * * * *
By the Court:
I'll overrule the objection. You may ask him.
By Mr. Nelson:
Q: To your knowledge, has Mr. Means ever been convicted to [sic] a crime?
A: Yes, I believe he has.
Q: Do you know how many times?
A: To my knowledge, only once.
Q: Thank you. Do you have any idea how long ago that was?

*270 A: It was several years ago.
Q: Was that a drug related case that he was charged in?
A: No sir, it was not.
By Mr. Nelson:
No further questions, Your Honor.
Furthermore, the record shows that the appellant was allowed to elicit impeaching evidence, tending to discredit the informant, in a number of other ways. See Mobley v. State, 409 So.2d 1031, 1038 (Fla. 1982) (limitation of cross-examination regarding interest of witness was harmless error where there was other evidence of his interest).
NOTES
[1] Although the jury had been informed through the testimony of Officer Holland that Means had been convicted of a crime, we cannot conclude that this testimony transforms the lower court's error into harmless error, because the error relates to a limitation of examination bearing upon the credibility of an informant upon whose sole testimony the state relies in bringing the charge in question.