PER CURIAM.
In this appeal from judgment and sentence for attempted second degree murder and aggravated battery, Appellant raises two issues. First, Appellant contends the trial court erred in restricting defense cross-examination of Kenneth Garrett, a key state witness. Second, Appellant contends, and the state concedes, that when the trial court set aside the sentence for aggravated battery because it was based on the same gunshot to the victim and is a lesser included offense of attempted second degree murder, he should also have set aside the judgment for that offense.
Cathelene Pavlakovic testified that she and her fiance, Kenneth Garrett, stopped at a Jiffy Store at midnight to use the telephone. When Garrett got out of the truck, three men came up to him. One of the men walked to the driver’s side of the truck, called Pavlako-vic a bitch, and demanded her purse. As she reached for her purse, which was on the floor, the man shot her in the face. In court and in a photo lineup, Pavlakovic identified Appellant as the man who shot her.
*995 Garrett testified that as the other two men took him around the side of the store he heard a shot. Then Appellant came around carrying Pavlakovic’s purse. Appellant threatened Garrett’s family if he called police. Garrett identified Appellant in court and in a photo lineup.
On cross-examination, Garrett admitted that at the time of the incident, he was on community control. He also admitted having “dealings” with Appellant in the neighborhood. At this point, the prosecution objected, and the following discussion took place:
MR. KOWALSKI: Judge, the purpose for the objection, I believe Mr. Trow is about to ask the witness whether he had ever purchased cocaine from this defendant.
MR. TROW: Yes, Your Honor, this individual has admitted in deposition that he has purchased cocaine from the defendant in that area before, he has admitted on the time of this incident he was on community control and that any violations of Florida statutes—
THE COURT: Okay. Don’t mix them both up together.
MR. TROW: Well, no, that gives — it goes to the reason why he might be lying about what happened.
THE COURT: Okay. So suppose that’s true, what’s that got to do with his community control now?
MR. TROW: It would have him knowing that he could be violated for buying cocaine while he’s on community control which was done in the same area and location from this Defendant before, would give him a reason to where he would have to lie to justify his presence at that situation because his girlfriend has been shot, there’s no way around that.
THE COURT: Let’s — you said in the past. Now, let’s bring it up to current time. Are you going to bring out that he’s purchased recently for violation of community control?
MR. TROW: No, Your Honor, because he is — he would deny — he would deny if I asked him right now did he buy cocaine that night.
But I think this is a reasonable inference that goes to his credibility, if he has bought from this Defendant in that area cocaine in the past, he’s now on community control and he knows any violation of criminal law would violate his community control.
He certainly is not going to admit he bought cocaine that—
THE COURT: Okay. What you’re trying to do is you have proved he’s on community control, I don’t know what time he is— what kind of community control he’s on at the present. He’s on community control at the time this offense occurred, you’re going to ask him at some distant time in the past he had bought cocaine from this Defendant and the inference from that is that since he bought from him in the past, that he’s bought from him at the present time, he’s buying from him now while he’s on community control; is that it?
MR. TROW: Yes, sir.
THE COURT: All right. I sustain the objection.
Appellant asserts that a defendant is entitled to wide latitude in cross-examining state witnesses in order to test their credibility and bias. He contends that this court must follow Simmons v. State, 552 So.2d 268 (Fla. 1st DCA 1989) rev. denied, 563 So.2d 634 (Fla.1990), and reverse for a new trial. We do not agree that the principle stated above or the decision in Simmons compels that result.
In Simmons, the defense had been prevented from asking a state witness whether he had ever been convicted of a felony. The particular witness was a confidential informant who had participated in a controlled buy of crack cocaine from Simmons and, as the court noted, his “testimony was the sole evidence relating to the count charging Simmons with possession of a controlled substance with intent to sell.” (emphasis in original) This court said Simmons had an absolute right to expose any prior convictions or pending charges against that witness in order to impeach his credibility or demonstrate bias in favor of the state.
The present case is quite different from Simmons. Garrett had already testified that *996 he had two prior felony convictions and was on community control at the time of the incident. He had admitted having “dealings” with Appellant in the past. Under these circumstances, Appellant has not demonstrated that the trial court abused its discretion in sustaining the prosecutor’s objection. In addition, unlike the situation in Simmons, Garrett’s testimony was not the only evidence implicating Appellant; Pavlakovic also identified Appellant as the man who shot her in the face. And in his cross-examination of Garrett and closing argument, defense counsel elicited and discussed inconsistencies in Garrett’s story between his deposition and trial testimony, as well as inconsistencies between the officer’s report of what the witnesses told him the evening of the incident and Garrett’s testimony. We find no reversible error in the trial court’s ruling on this issue.
Appellant also contends, and the state agrees, that the judgment of conviction of aggravated battery should be vacated. The trial court vacated the sentence for aggravated battery based on Davis v. State, 559 So.2d 707 (Fla. 4th DCA 1990), and the failure also to vacate the judgment of conviction was apparently an oversight.
The judgment and sentence for attempted second degree murder are affirmed. The judgment of conviction of aggravated battery is vacated.
JOANOS, MINER and KAHN, JJ., concur.