
SLIP OPINION

Cite as 2015 Ark. 345

# SUPREME COURT OF ARKANSAS

No. CR-15-165

| | | |
|---|---|---|
| ERIC SCOTT PAULSON | | **Opinion Delivered** October 1, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT [NO. 42BCR-13-74] |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, |
| | APPELLEE | JUDGE |
| | | <u>AFFIRMED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Eric Scott Paulson appeals from his conviction for one count of rape, for which he was sentenced to life imprisonment. On appeal, he argues that the trial court erred by denying his motion for mistrial during voir dire of the jury. We find no error and affirm.

During voir dire of the jury, the prosecutor made the following statement:

Have – In this case I expect you are going to hear testimony from children or teenagers. Do each of you feel that you can listen to that testimony and give it the same weight as you would an adult? Would any of you automatically believe the testimony of an adult over a child? If a child testified they were sexually abused, and an adult said, "No, I didn't do it," would you automatically believe that since he [said he] didn't do it, that created reasonable doubt?

Appellant objected, arguing that the prosecutor's comment had infringed on his right not to testify. Appellant then moved for a mistrial. The trial court overruled the motion. The prosecutor then asked the jury panel if it would create reasonable doubt if a child testified that he or she had been sexually assaulted and the adult said it did not happen. Appellant again

SLIP OPINION

objected, and the trial court overruled the objection, but warned the prosecutor to stay away from the issue. Later during voir dire, appellant's counsel stated on two separate occasions that appellant was not required to testify and that the State had the burden of proving him guilty beyond a reasonable doubt. After the jury had been selected, appellant stated that the panel was satisfactory.

The jury found appellant guilty of the charge of rape, and he was sentenced by the trial court to life imprisonment. This appeal followed.

Appellant's sole point on appeal is that the trial court erred by denying his motion for a mistrial. A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *King v. State*, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005) (citing *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004)). The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.*

A comment on the failure of a defendant to testify in a criminal case is a violation of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution. *Griffin v. California*, 380 U.S. 609 (1965). Appellant argues that the statement by the prosecutor was an impermissible comment on his right not to testify at trial and that, as a result, the trial court erred by denying his motion for a mistrial. We disagree. It was conceivable that part of appellant's defense at trial was going to be that the victim was not

being truthful in her allegation that a sexual assault had occurred, and the prosecutor was attempting to determine whether any members of the panel would be predisposed to credit a denial by an adult over an allegation by a child. In making the disputed statements, the prosecutor was placing a hypothetical situation before the panel, and never mentioned the issue of appellant testifying at trial. The prosecutor never referenced appellant by name or as "the defendant." Indeed, the only attorney who mentioned testimony by appellant was appellant's counsel, who stated on two separate occasions during voir dire that appellant was not required to testify in his defense and that the State had the burden of proof with regard to whether appellant committed the offense charged. In a case involving similar facts, our court of appeals upheld the denial of a motion for mistrial following a statement by the prosecutor during jury voir dire that the case came down to the testimony of the minor victim and an adult who was the defendant, because the prosecutor did not mention the defendant's testimony or possible testimony, and the question, as in the instant case, was meant to ascertain whether the jury would be willing to believe the testimony of the minor victim. *Weaver v. State*, 271 Ark. 853, 612 S.W.2d 324 (Ark. App. 1981).

In *Clark v. State*, 256 Ark. 658, 509 S.W.2d 812 (1974), this court held that a statement by a prosecutor during opening statements at a murder trial that the victim would not be present, and that the story of what occurred would come only from the defendant, violated the Fifth Amendment because it coerced the defendant to testify at trial. Appellant argues that the statement by the prosecutor in this case was similarly coercive. He is mistaken. As noted above, the issue of whether appellant would testify was not referenced by the

SLIP OPINION

prosecutor during voir dire. Nor could the statement be reasonably considered to have created in the minds of the jury an expectation that appellant would testify. Thus, appellant has failed to show how the statement by the prosecutor could have reasonably had the effect of compelling him to feel as though he should testify at trial, especially considering the fact that he elected not to testify. Because the trial court did not abuse its discretion by denying appellant's motion for a mistrial, its sentencing order is affirmed.

The record has been reviewed pursuant to Arkansas Supreme Court Rule 4–3(i), and no reversible error has been found.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, JUSTICE, dissenting.**.In my view, the case before us is another treacherous step on a "slippery slope," resulting in this court allowing its distaste for mistrials to trump an accused's constitutional rights.

Paulson relies on three cases. The first is *Griffin v. California*, 380 U.S. 609 (1965), which, as the majority apparently agrees, stands for the proposition that a comment on the failure of a defendant to testify in a criminal case is a violation of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution. The second, not discussed by the majority, is *Mosby v. State*, 246 Ark. 963, 440 S.W.2d 230 (1969), where this court reversed a conviction because the circuit court gave an instruction that referred to a defendant's right to not testify. The instruction stated:

A defendant may or may not testify in a case at his own discretion. The fact that a

4

defendant did not testify is not evidence of his guilt or innocence and in fact is no evidence at all and is not to be considered by you in arriving at your verdict.

*Id.* at 964, 440 S.W.2d at 231. The third, albeit distinguished by the majority, is *Clark v. State*, 256 Ark. 658, 509 S.W.2d 812 (1974), where this court reversed the denial of a mistrial where a remark in opening statement "coerced" the defendant to testify.

> If you notice, I'm here by myself, and this vacant chair. He might be here to tell his side but he's not here. The story then that you will have about what happened out there will come from her.

*Id.* at 654, 509 S.W.2d at 813. Notwithstanding the majority's effort to distinguish *Clark*, I contend, that *Mosby* and *Clark* stand for the broad proposition that a mistrial is appropriate when a reference is made, either directly or indirectly, to a criminal defendant's failure or refusal to testify at trial. *Mosby* and *Clark* have never been overruled.

Inexplicably, none of these three worthy precedents have been followed, either at the circuit-court level, or by this court on appeal. Inasmuch as this court has not renounced stare decisis, I can only assume that this court's stated distaste for mistrials—never favorites of the law—has diverted this court from its mission of zealously defending an individual's constitutional rights. The consequences are what we now see before us.

My research indicates that the phrase describing a mistrial as "an extreme and drastic remedy" first appeared in a dissent by Justice John Fogleman in *Walker v. State*, 253 Ark. 676, 681, 488 S.W.2d 40, 42 (1972). Since that time, it has been repeated 435 times in Arkansas appellate-court decisions. Almost invariably, these decisions made a circuit court's decision not to impose a mistrial more insulated from being reversed on review and therefore, more unlikely to be granted.

As the majority notes, during voir dire of the jury, the prosecutor made the following statement:

> In this case I expect you are going to hear testimony from children or teenagers. Do each of you feel that you can listen to that testimony and give it the same weight as you would an adult? Would any of you automatically believe the testimony of an adult over a child? If a child testified they were sexually abused, and an adult said, "No, I didn't do it," would you automatically believe that since he [said he] didn't do it, that created reasonable doubt?

Paulson timely objected, arguing that the prosecutor's comment had infringed on his right not to testify. The very first argument the State made in defending its question was not that it was proper, but rather that "first of all, a mistrial is an extreme remedy." Its second argument was that the question was "asked hypothetically." More telling still is that in overruling the objection, the circuit court's first words were, "Mistrial is a drastic remedy." Only then did the circuit court state that the question was "a general reference" and that "I don't think any harm was done."

However, the State proved to be relentless. As the majority notes, the State again asked the venire, "If a child testified they were sexually assaulted and the adult said it didn't happen, would any of you feel this automatically creates reasonable doubt?" Again Paulson objected, and asked for a mistrial. Only after the State insisted that it was entitled to an answer did the circuit court admonish the State to "stay away from that issue." Nonetheless, the circuit court overruled Paulson's objection.

It is disconcerting that a prosecutor, who is sworn to uphold the constitution, would think it proper to so blatantly violate a criminal defendant's Fifth Amendment rights. It is

even more disconcerting that a circuit court would think more of seating a tainted jury panel than upholding the constitutional rights of an accused.

The majority's first rationale is, of course, that "a mistrial is an extreme and drastic remedy." I contend that sacrificing the constitutional rights of an accused just to avoid a second trial is far more extreme and drastic. This court's "extreme remedy" jurisprudence has landed this state at the very bottom of that slippery slope. While there are several cases that support the proposition that error could be cured by sustaining the objection and giving a cautionary instruction, *see, e.g., Green v. State*, 2013 Ark. 497, 430 S.W.3d 729, the circuit court here did not even directly acknowledge that the question was improper. Obviously, a cautionary instruction will not be given for an overruled objection.

Finally, the majority's alternative basis for affirming this case, that the statement by the prosecutor was not an impermissible comment on Paulson's right not to testify at trial because the question was only hypothetical, and Paulson was not referred to by name, is sheer nonsense. Here, the jury tried a single count of rape. Accordingly, there was only one victim and one perpetrator. Only one person who could possibly deny committing the crime, and that person was sitting at the defendant's table. It is inconceivable to me that anyone, save for certain Arkansas Supreme Court justices who have supplied me direct evidence to the contrary, could believe that the prosecutor was referring to anyone else.

I would reverse and remand this case for a new trial.

*R. Kevin Barham*, Logan County Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.